## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DR. STEPHEN D. COOK,** in his capacity as Co-Trustee of The Marshall Heritage Foundation | * | **CIVIL ACTION** |
| | * | **NO.:** |
| | * | **SECTION** |
| **VERSUS** | | |
| | * | **MAGISTRATE** |
| **PRESTON L. MARSHALL**, in his capacity as Co-Trustee of The Peroxisome Trust | * | |

\*     \*     \*     \*     \*     \*     \*     \*

### COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

**NOW INTO COURT**, through undersigned counsel, comes Stephen D. Cook, in his capacity as Co-Trustee of The Marshall Heritage Foundation, who hereby alleges as follows:

### PARTIES

1.

Plaintiff, Dr. Stephen D. Cook ("Dr. Cook"), is a natural person; a resident of the Parish of Jefferson, State of Louisiana; and a Co-Trustee of The Marshall Heritage Foundation. The Marshall Heritage Foundation is a trust created pursuant to Louisiana law with its offices and business operations located in the Parish of Jefferson, State of Louisiana.

2.

Made defendant herein is Preston L. Marshall, a natural person and resident in Harris County, Texas. Preston L. Marshall is sued herein solely in his capacity as Co-Trustee of the Peroxisome Trust, a trust created pursuant to Louisiana law ("Peroxisome Trust").

## JURISDICTION

3.

Jurisdiction is proper in this Court under 28 U.S.C. §1332. The amount in controversy exceeds $75,000.

4.

Plaintiff is a citizen of Louisiana, and Defendant is a citizen of Texas. Therefore, under 28 U.S.C. §1332(a)(1), this Court has jurisdiction.

## PERSONAL JURISDICTION

5.

Defendant Preston L. Marshall has had repeated and continuous contacts with the State of Louisiana and is therefore subject to the jurisdiction of this Court, pursuant to the provisions of the Louisiana Long Arm Statute and the United States Constitution.

## VENUE

6.

Venue is proper in this Court under 28 U.S.C. §1391. The object of this action is to enforce the provisions of a charitable trust (*i.e.,* Peroxisome Trust) so as to fund a distribution to The Marshall Heritage Foundation, a charitable foundation which has its primary place of business in the Parish of Jefferson. In turn, the Marshall Heritage Foundation has committed to make a charitable donation, otherwise unfundable, to Tulane University, located in this District.

## FACTS

7.

The Marshall Heritage Foundation is a Louisiana charitable foundation.

8.

Dr. Stephen D. Cook is a Co-Trustee of The Marshall Heritage Foundation. The Co-Trustees of The Marshall Heritage Foundation have authorized Dr. Cook, via resolution, to bring this action in his capacity as co-trustee.

9.

A true and correct copy of the Authorizing Resolution is attached hereto as Exhibit 1.

10.

The Marshall Heritage Foundation is, by express provision in an Act of Trust, a beneficiary of a separate charitable trust, Peroxisome Trust. Preston L. Marshall is one of two Co-Trustees of Peroxisome Trust.

11.

The act establishing Peroxisome Trust is attached hereto as Exhibit 2.

12.

Paragraph 2 of the act creating Peroxisome Trust provides that it is required yearly to distribute a specific percentage of the initial net fair market value of all property transferred to the trust, in quarterly installments, equally to The Marshall Heritage Foundation and the Marshall Legacy Foundation (which are the resulting trusts of the split of a prior trust named Marshall Heritage Foundation).

13.

Historically, Peroxisome Trust has distributed in excess of two million dollars each year since 2011 to The Marshall Heritage Foundation, in fulfillment of the requirements of Paragraph 2 of the instrument establishing Peroxisome Trust.

14.

There are two co-trustees of Peroxisome Trust, E. Pierce Marshall, Jr. and Preston L. Marshall, as appointed in the prefatory paragraph of the instrument creating Peroxisome Trust.

15.

Since June 6, 2016, Peroxisome Trust has failed to distribute the quarterly installments due and payable under its instrument to its two beneficiaries: The Marshall Heritage Foundation and the Marshall Legacy Foundation.  To date, that has resulted in a shortfall in excess of $1,600,000.00 in the funds available for charitable donations and good works for which The Marshall Heritage Foundation was created by its settlor.

16.

Paragraph 8 of the act establishing Peroxisome Trust specifically provides that it is governed by Louisiana law.

17.

Louisiana law specifically provides that when a trust has two trustees, the powers exercised by them must be exercised jointly unless otherwise provided for by the trust instrument or order of a court.  *See* La. R.S. 9:2113.

18.

Since June 6, 2016, Preston L. Marshall as Co-Trustee for Peroxisome Trust has failed and refused to execute documents required to effect the quarterly payments by Peroxisome Trust to The Marshall Heritage Foundation and the Marshall Legacy Foundation.

19.

On information and belief, E. Pierce Marshall Jr., the other Co-Trustee for Peroxisome Trust, stands ready, willing and able to execute documents as necessary to effect the payments due

to the beneficiaries of Peroxisome Trust, but is unable to unilaterally act to transfer funds in the face of Louisiana law requiring that such payments require joint action by both co-trustees of Peroxisome Trust.

20.

Despite the funding shortfall caused by the lack of distributions from Peroxisome Trust, The Marshall Heritage Foundation has continued to operate and fulfill its commitments in the reasonable expectation that Preston L. Marshall would at some point in time cease his unlawful behavior.

21.

As a result of continuing to meet its legal obligations to fund previously committed donations and the funding shortfall caused by the unlawful refusal of Preston L. Marshall, The Marshall Heritage Foundation will not have sufficient funds to meet its obligation to Tulane University in the amount of one million dollars ($1,000,000.00) due in June 2017.

22.

Under Louisiana law, a gratuitous obligation subject to a pledge agreement, such as the commitment to Tulane University, is enforceable at law.

23.

As Peroxisome Trust is a charitable trust, it is required to meet certain distribution requirements to maintain certain benefits under the Internal Revenue Code. The tax related distribution requirements are explicitly incorporated into Paragraphs 2, 6 & 9 of the Peroxisome Trust instrument.

24.

As Peroxisome Trust has failed to meet its distribution requirements under the Internal Revenue Code, it is subject to taxation.  If subject to taxation, the funds available to the beneficiaries of Peroxisome Trust in the future would be reduced, as money required to make tax payments would not be available to make future distributions to beneficiaries.

25.

The beneficiary of a Louisiana trust has by law certain limited rights to act to enforce the provisions of a trust, including the right to an action to force a trustee to perform the duties of the trustee and to redress or prevent a breach of trust.  *See* La. R.S. 9:2221.

26.

Under the Louisiana Trust Code, a beneficiary is entitled to injunctive relief as against a trustee.  *See* La. R.S. 9:2232.

27.

The Marshall Heritage Foundation will suffer irreparable injury, loss or damage if it is not granted the relief as requested herein.

28.

Dr. Cook, as the authorized Co-Trustee of The Marshall Heritage Foundation, thus has the right under Louisiana law to bring this action to enforce the distribution provisions of the trust instrument establishing Peroxisome Trust, to redress and prevent the related breach of trust by Co-Trustee Preston L. Marshall in relation to Peroxisome Trust, and for other related relief.

29.

In the interest of maximizing the funds available for the charitable work of each trust, Dr. Cook specifically disclaims any right to, or claim for, costs, attorneys' fees or other such monetary award.

**PRAYER FOR RELIEF**

30.

**WHEREFORE**, Dr. Cook as plaintiff respectfully requests that, after due proceedings are had, this Court enter a judgment in his favor as Co-Trustee of The Marshall Heritage Foundation by:

1. Declaring that the failure to make required installment distributions from The Peroxisome Trust to The Marshall Heritage Foundation caused or effected by Co-Trustee Preston L. Marshall is a breach of trust by him as to The Peroxisome Trust;

2. Entry of a mandatory injunction ordering and directing Preston L. Marshall as Co-Trustee of the Peroxisome Trust to take all acts necessary to effect past unpaid distributions from The Peroxisome Trust to The Marshall Heritage Foundation;

3. Entry of a mandatory injunction ordering and directing Preston L. Marshall as a Co-Trustee of the Peroxisome Trust in the future, for the term of The Peroxisome Trust, to take all acts necessary to effect future installment distributions from The Peroxisome Trust to The Marshall Heritage Foundation;

4. In the alternative, entry of an injunction appointing and authorizing an independent third party, such as the Clerk of this Court, to act in place of Co-Trustee Preston L. Marshall, only insofar as he is a co-trustee of The Peroxisome Trust and only insofar as action is required to cause any bank or depositary to effect the transfer of funds necessary to make the required past and future installment distributions from The Peroxisome Trust, in cooperation with Co-Trustee E. Pierce Marshall, Jr., to The Marshall Heritage Foundation; and

5. For all other relief, both at law and equity, to which Plaintiff is entitled.

Respectfully submitted,

*/s/ Philip K. Jones, Jr.*
S. Gene Fendler (Bar #5510)
Philip K. Jones, Jr. (Bar #7503)
Kelly T. Scalise (Bar #27110)
**Liskow & Lewis, APLC**
701 Poydras Street, Suite 5000
New Orleans, LA 70139
(504) 581-7979 – Telephone
(504) 556-4108 – Facsimile
sgfendler@liskow.com
pkjones@liskow.com
ktscalise@liskow.com

*Counsel for Dr. Stephen D. Cook, in his capacity As Co-Trustee of The Marshall Heritage Foundation*

**Service Instructions:**

**Preston L. Marshall will be served pursuant to the provisions of the Louisiana Long Arm Statute, La. R.S. 13:3201** *et seq*.