# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| STEPHEN D. COOK | * | CIVIL ACTION |
| | * | |
| VERSUS | * | No. 17-5368 |
| | * | |
| PRESTON L. MARSHALL | * | SECTION "L" (3) |

## ORDER AND REASONS

Before the Court are cross motions for summary judgment. Having considered the parties' briefs and the applicable law, the Court now issues this Order and Reasons.

### I. BACKGROUND

Plaintiff Dr. Stephen Cook ("Dr. Cook") brings this action in his capacity as trustee of The Marshall Heritage Foundation ("TMHF") against Preston Marshall in his capacity as trustee of the Peroxisome Trust, to recover sums that The Peroxisome Trust allegedly owes TMHF as its beneficiary.

The Peroxisome Trust is a Louisiana Nongrantor Lead Annuity Trust with two co-trustees: Preston Marshall ("Preston") and Pierce Marshall ("Pierce"). Originally, the Peroxisome Trust had one sole beneficiary: the "Marshall Heritage Foundation." The instrument creating the Peroxisome Trust requires the trustee to pay the Marshall Heritage Foundation an annuity amount equal to 6.647126% of the initial net fair market value of all property transferred to the trust, in quarterly installments for twenty years.

In December 2013, the original Marshall Heritage Foundation was split into two separate trusts – TMHF and the Marshall Legacy Foundation. Dr. Cook contends that, as a result of the 2013 split, the Peroxisome Trust became obligated to pay half the total original annuity amount (3.323563%) to TMHF and the other half to the Marshall Legacy Foundation (the Marshall Legacy

1

Foundation is not involved in this suit). Since June 2016, Preston has refused to execute the documents required to effect the quarterly payments by the Peroxisome Trust to TMHF. Accordingly, Dr. Cook brings this action to enforce the Peroxisome Trust's obligation to its alleged beneficiary, TMHF. In response, Preston argues that (i) TMHF is not a beneficiary of the Peroxisome Trust, and (ii) Dr. Cook lacks standing to bring this suit because he is not a valid trustee of TMHF.

## II. PRESENT MOTIONS

Dr. Cook moves for summary judgment (i) declaring that Preston, as co-trustee of the Peroxisome Trust, is obligated to assure the distribution of funds owed to TMHF as a beneficiary; (ii) declaring that Preston's failure to distribute the annuity payments from the Peroxisome Trust to TMHF constitutes a breach of trust and a breach of his fiduciary duties; and (iii) directing Preston in the future, for the term of the Peroxisome Trust, to effect required distributions from the Peroxisome Trust to TMHF.

Dr. Cook argues that Preston has violated his duties under the Louisiana Trust Code and under the instrument creating the Peroxisome Trust by failing to execute the documents necessary to effect the quarterly payments by the Peroxisome Trust to TMHF. Preston, however, argues that he has not breached the trust or his duties because (1) TMHF is not a beneficiary of the Peroxisome Trust; (2) his actions are justified by potential adverse federal tax consequences; and (3) Dr. Cook is not a valid co-trustee of TMHF and he therefore lacks standing to bring this lawsuit.

## III. LAW AND ANALYSIS

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex*

*Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial." *Id.* A party moving for summary judgment bears the initial burden of demonstrating the basis for summary judgment and identifying those portions of the record, discovery, and any affidavits supporting the conclusion that there is no genuine issue of material fact. *Id.* at 323. If the moving party meets that burden, then the nonmoving party must use evidence cognizable under Rule 56 to demonstrate the existence of a genuine issue of material fact. *Id.* at 324.

A genuine issue of material fact exists if a reasonable jury could return a verdict for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1996). "[U]nsubstantiated assertions," "conclusory allegations," and merely colorable factual bases are insufficient to defeat a motion for summary judgment. *See Hopper v. Frank*, 16 F.3d 92, 97 (5th Cir. 1994); *Anderson*, 477 U.S. at 249-50. In ruling on a summary judgment motion, a court may not resolve credibility issues or weigh evidence. *See Int'l Shortstop, Inc. v. Rally's Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991). Furthermore, a court must assess the evidence, review the facts and draw any appropriate inferences based on the evidence in the light most favorable to the party opposing summary judgment. *See Daniels v. City of Arlington, Tex.*, 246 F.3d 500, 502 (5th Cir. 2001); *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986).

Preston offers three arguments: (1) Dr. Cook lacks standing, (2) TMHF is not a beneficiary of the Peroxisome Trust, and (3) his refusal to effect distributions are justified by potential adverse federal tax consequences. The Court will address each in turn.

*I.*

Preston argues that Dr. Cook lacks standing to bring this lawsuit because he is not a proper co-trustee of the plaintiff-in-interest, TMHF. Article V of the original Marshall Heritage Foundation, written on September 5, 1997, appointed Dr. Cook as a trustee of the original Marshall Heritage Foundation for a limited term:

> Upon the resignation of E. Pierce Marshall as trustee, Dr. Stephen D. Cook … shall serve as sole trustee until the occurrence of: (1) a period of *one year* from the date of execution of these Amended and Restated articles, (2) the final termination of the matter entitled and numbered "Estate of J. Howard Marshall, II, Deceased, No. 276,815, In the Probate Court Number Three (3) of Harris County, Texas" or (3) Dr. Cook's resignation, *whichever occurs first*.

R. Doc. 11-4 at 11 (emphasis added).

Article VI provided:

> These articles may be amended from time to time by the trustee, whenever the trustee believes it is necessary or advisable to enable the trustee to carry out the purpose of the Foundation more effectively. Every amendment shall be in writing and shall be signed by the trustee. *No such amendment shall, however, vary the provisions of articles V,* IX, and X except where required to preserve the tax-exempt status of the Foundation.

*Id*. (emphasis added).

Preston argues that (1) Article V stated that Dr. Cook could serve as a trustee until September of 1998, at the latest, (2) Article VI stated that Article V could not be amended, and (3) these articles carried over into TMHF and the Marshall Legacy Foundation when the original Marshall Heritage Foundation was divided. Accordingly, Preston contends that Dr. Cook is not a valid co-trustee of TMHF.

However, before the original Marshall Heritage Foundation was divided, Elaine, Pierce, and Preston himself signed a resolution reflecting their intention for Dr. Cook to serve as a trustee of TMHF:

> **BE IT RESOLVED**, that the [original Marshall Heritage Foundation's] existing

4

articles (with the exception of initial trustees) carry over to the new foundations and specifically, the existing successor trustee plan developed by Elaine T. Marshall shall remain in force.

**BE IT RESOLVED**, that Elaine T. Marshall, Dr. Stephen D. Cook and E. Pierce Marshall, Jr. shall serve as Trustees of the new Marshall Heritage Foundation [TMHF], with Elaine T. Marshall serving as Chairman of the Board of Trustees and President.

R. Doc. 62-2 at 6.

Furthermore, Dr. Cook was named as a co-trustee in the governing articles of TMHF. R. Doc. 62-3 at 2. The co-trustees of the original Marshall Heritage Foundation understood – and TMHF's governing articles reflect – that Dr. Cook would be a co-trustee of TMHF. Even if he was no longer a co-trustee of the original Marshall Heritage Foundation, he was properly made a co-trustee of TMHF and has standing to bring this suit in that capacity.

## *II.*

Preston initially argued that TMHF is not a beneficiary of the Peroxisome Trust because it was not "in being and ascertainable" when the Peroxisome Trust was created, as required by Section 1803 of the Louisiana Trust Code:

> A beneficiary must be in being and ascertainable on the date of the creation of the trust, *except as otherwise provided in this Code.* An unborn child is deemed a person in being and ascertainable, if he is born alive.

LA. REV. STAT. § 9:1803 (emphasis added).

This section, however, does not apply to the Peroxisome Trust. *See* LA. REV. STAT. § 9:1803, cmt. (b) ("The exceptions referred to in this section" include "class trusts, trusts for employees, and trusts for mixed private and charitable purposes"). The Peroxisome Trust is a mixed purpose trust under Louisiana law – "one that has both private and charitable purposes and beneficiaries." LA. REV. STAT. § 9:1951. The Louisiana Trust Code articles applicable to the charitable portion of the Peroxisome Trust do not include a requirement that the beneficiary be in

5

being and ascertainable at the time of its creation. *See* LA. REV. STAT. § 9:2271. The fact that TMHF was not "in being and ascertainable" when the Peroxisome Trust was created thus does not preclude it from being a beneficiary.

**i.**

The Peroxisome Trust instrument designates the original Marshall Heritage Foundation as its sole beneficiary and requires that "[i]n each taxable year of the trust during the annuity period, the Trustee shall pay to the [original] Marshall Heritage Foundation an annuity amount equal to 6.647126% of the fair market value of all property transferred to the trust, valued as of the date of the transfer." R. Doc. 1-2. It also states that if the original Marshall Heritage Foundation ceases to be "an organization defined in §§ 170(c), 2055(a), and 2522(a)" of the Internal Revenue Code at any time payment is to be made to it, the "Trustee," defined as both Preston and Pierce, who must act in unity,[1] must instead agree to distribute some or all of the payment to one or more qualified entity. This gives Preston and Pierce, jointly, the right to select a successor charitable organization(s) to receive some or all of the payments if the original Marshall Heritage Foundation should cease to exist:

> **Payment of Annuity Amount.** In each taxable year of the trust during the annuity period, the Trustee shall pay to the [original] Marshall Heritage Foundation an annuity amount equal to 6.647126% of the initial net fair market value of all property transferred to the trust, valued as of the date of the transfer. If the [original] Marshall Heritage Foundation is not an organization defined in §§ 170(c), 2055(a), and 2522(a) at the time any payment is to be made to it, the Trustee shall instead distribute such payments to one or more organizations described in §§ 170(c), 2055(a), and 2522(a) as the Trustee shall select, and in such proportions as the Trustee shall decide, from time to time, in the Trustee's sole discretion.

R. Doc. 1-2.

---

[1] LA. REV. STAT. § 9:2113 ("If there are two trustees, the powers conferred upon them shall be exercised only by both of them, unless it is otherwise provided in the trust instrument or by order of the proper court."); Dr. Cook's Response to Preston's Statement of Uncontested Fact No. 4, R. Doc. 124-1 ("Unanimity is required in accordance with and subject to the provisions of the applicable Louisiana law.").

The Peroxisome Trust instrument has never been amended to designate TMHF – or any entity other than the original Marshall Heritage Foundation – as its beneficiary. Because it is undisputed that the original Marshall Heritage Foundation no longer exists, Preston argues that TMHF is not entitled to distributions from the Peroxisome Trust absent agreement of both trustees.

Dr. Cook does not dispute the fact that the entity designated as the beneficiary of the Peroxisome Trust, the original Marshall Heritage Foundation, no longer exists. He argues, though, that TMHF and the Marshall Legacy Foundation succeeded to the beneficial interest of the original Marshall Heritage Foundation when it was divided, as permitted by Section 2030 of the Louisiana Trust Code, and no amendment to the Peroxisome Trust instrument was needed.

### ii.

The Louisiana Trust Code allows a trustee to divide or "decant" a trust into two separate trusts if the beneficiaries and purpose of the trust are not adversely affected:

> A trustee may combine two or more trusts into one trust, or divide a trust into two or more trusts, on written notice to all beneficiaries having a current interest in the trust or trusts, if the combination or division does not impair the rights of any beneficiary or adversely affect the accomplishment of the purposes of the trust or trusts. The division of a trust shall be based on the fair market value of the assets of the trust on the effective date of the division and need not result in a uniform interest in each asset. After the division, discretionary distributions need not be made uniformly from each of the separate trusts. A trust instrument may modify these rules, either to expand or to restrict the trustee's authority to combine or divide a trust.

LA. REV. STAT. § 9:2030.

Court approval to divide is not required, but "[p]rudence may dictate" that it be sought and obtained. *See Unif. Trust Code* § 417. In December 2013, the co-trustees of the original Marshall Heritage Foundation agreed to divide the original Marshall Heritage Foundation equally into two trusts: TMHF, to be administered by Pierce, and the Marshall Legacy Foundation, to be administered by Preston. They passed the following resolutions:

7

> **BE IT RESOLVED**, that the [original Marshall Heritage Foundation] be decanted into two new foundations, and that Edwin K. Hunter petition the 14th Judicial District Court for Calcasieu Parish, Louisiana, for approval of the decanting.
>
> **BE IT RESOLVED**, that the [original Marshall Heritage Foundation] divide and distribute its assets and obligations, including the excess distribution carryover reflected on the [original Marshall Heritage Foundation]'s Form 990PF, one-half (1/2) to [TMHF] and one-half (1/2) to the Marshall Legacy Foundation.

R. Doc. 62-2.

Elaine Marshall filed a petition to obtain court approval to divide the original Marshall Heritage Foundation, the EPM Testamentary Lead Trust, and the Peroxisome Trust in the 14th Judicial District Court for the Parish of Calcasieu:

> 1.
> Elaine T. Marshall, Trustee of the EPM Testamentary Lead Trust, hereby seeks authority to re-situs the Trust as a Louisiana Trust. Following this event, with the authority granted herein, she will transfer the complete corpus of the Trust into two new trusts.
>
> 2.
> Elaine T. Marshall, Donor, E. Pierce Marshall, Jr. and Preston L. Marshall, Co-Trustees of the Peroxisome Trust, a Louisiana Trust, **would like to transfer the entire corpus of the Peroxisome Trust into two new trusts.**
>
> 3.
> Elaine T. Marshall, Dr. Stephen D. Cook, E. Pierce Marshall, Jr. and Preston L. Marshall, Co-Trustees of the [original Marshall Heritage Foundation] **hereby seek authority to pay over all of the assets and beneficiary interests of [the original Marshall Heritage Foundation] into two new foundations.**
>
> 4.
> With the authority granted herein, the two new foundations would divide in equal parts the assets of the [original Marshall Heritage Foundation]. Each of the two new foundations would **receive the beneficiary interests of one of the two divided trusts of both the divided EPM Testamentary Lead Trust and the divided Peroxisome Trust.**

R. Doc. 5-2 (emphasis added).

The petition stated that the parties wanted to divide the original Marshall Heritage

Foundation, the Peroxisome Trust, and the EPM Testamentary Lead Trust. TMHF and the Marshall Legacy Foundation were to "receive the beneficiary interest of one of the two divided trusts of both the EPM Testamentary Lead Trust and the divided Peroxisome Trust." R. Doc. 5-3. The court issued an order dividing all trusts "upon execution and agreement of same by a majority of the Trustees." R. Doc. 5-4.

The original Marshall Heritage Foundation was divided. Pierce, however, has blocked the split of the Peroxisome Trust – it has never been divided, and the Peroxisome Trust instrument has never been amended to formally change the beneficiary from the original Marshall Heritage Foundation.

Dr. Cook argues that TMHF succeeded to half of the original Marshall Heritage Foundation's beneficial interest in the Peroxisome Trust when it was divided. Preston responds that (1) all parties agree that the original Marshall Heritage Foundation no longer exists, (2) the Peroxisome Trust instrument provides that if the original Marshall Heritage Foundation should cease to exist, agreement of Preston and Pierce is required for future distributions to qualified entities, and (3) although it was contemplated, at one point, that TMHF would receive the beneficial interest of one of the "divided Peroxisome Trust" entities, that trust was never divided.

### iii.

The co-trustees of the original Marshall Heritage Foundation divided its assets – including its beneficial interest in the Peroxisome Trust – equally between TMHF and the Marshall Legacy Foundation. Preston does not cite, and the Court cannot find, any authority for the position that a formal amendment to the Peroxisome Trust instrument was required for TMHF to be a proper beneficiary under these circumstances. TMHF became a beneficiary of the Peroxisome Trust by virtue of succeeding to the assets of the original Marshall Heritage Foundation.

9

The petition to divide the original Marshall Heritage Foundation contemplated division of the Peroxisome Trust as well – but the court authorized the division of each "upon execution and agreement" of a majority of the trustees. There has been no majority agreement of the co-trustees to divide the Peroxisome Trust. The trustees of the original Marshall Heritage Foundation, however, signed a resolution to divide its assets and obligations equally between TMHF and the Marshall Heritage Foundation, and the governing articles of the new foundations were signed by their respective trustees. R. Docs. 62-2, 62-3, 62-4. Pierce's refusal to agree to divide the Peroxisome Trust as originally contemplated does not change the fact that the original Marshall Heritage Foundation's assets, including its beneficial interest in the Peroxisome Trust, were in fact divided and distributed equally between TMHF and the Marshall Legacy Foundation.

"The fundamental duty that a trustee owes a beneficiary is the duty of loyalty[.]" *Id.* at cmt. (c). Indeed, the Louisiana Supreme Court has declared:

> The statutory provisions relative to the responsibilities of a Trustee are rigid and hold the Trustee to an even higher fiduciary responsibility to his beneficiary than that owed by a succession representative to heirs. The very word "Trustee" implies the strongest obligation on the part of the Trustee to be chaste in all dealings with the beneficiary.

*Succession of Dunham*, 408 So.2d 888, 900 (La. 1981).

"A trustee shall administer the trust as a prudent person would administer it." LA. REV. STAT. § 9:2090. To that end, a trustee shall "exercise reasonable care and skill, considering the purposes, terms, distribution requirements, and other circumstances of the trust." *Id.* Furthermore, a trustee must administer the trust solely in the benefit of the beneficiary, and a trustee's violation of a duty owed to a beneficiary is a breach of trust. LA. REV. STAT. §§ 9:2082, 2081.

Preston's continued refusal to execute the documents required to effect distributions to TMHF is a breach of trust and a breach of his duties as a trustee. The Peroxisome Trust instrument

requires the trustee to pay to the original Marshall Heritage Foundation an annuity amount of 6.647126% of the initial net fair market value of all property transferred to the trust. It sets the annuity period at twenty years and states that the annuity amount shall be paid in equal quarterly installments at the end of each calendar quarter. When the original Marshall Heritage Foundation was divided, the Peroxisome Trust became obligated to pay half of the total original annuity amount to TMHF and half to the Marshall Legacy Foundation at each time quarterly payments became due.

In refusing to allow the required distributions from the Peroxisome Trust to TMHF Preston has breached his duty to act in the interest of the beneficiary. Rather than acting "with the highest good faith toward, and loyalty to" TMHF and in TMHF's best interest, he has blocked the distribution of millions of dollars owed to TMHF from the Peroxisome Trust and has jeopardized TMHF's ability to meet its enforceable donation commitment to Tulane University. He has not acted as a prudent administrator considering the distribution requirements and purpose of the Peroxisome Trust. Indeed, "[t]he Peroxisome Trust's primary purpose is to pay the [original] Marshall Heritage Foundation an annuity for a term of twenty (20) years." R. Doc. 5-3 at 6. *See also Albritton v. Albritton*, 622 So. 2d 709, 713 (La. Ct. App. 1993) ("The very word 'trustee' implies the strongest obligation on the part of the trustee to be chaste in all dealings with the beneficiary"); *Bridges v. Autozone Properties, Inc.,* 900 So. 2d 784, 796 (La. 3/24/05) ("The purpose of the trust is the administration of property for the sole benefit of the beneficiary"); *In re Merlin A. Abadie Inter Vivos Tr.,* 791 So. 2d 181, 187, (La. App. 4 Cir. 7/11/01) ("The measure of whether a trustee has erred in the exercise of 'ordinary prudence' is whether the trustee has failed to take reasonable measures to protect all beneficiaries").

None of Preston's purported justifications for refusing to authorize distributions has merit.

First, he argues that Elaine Marshall, by consenting to a resolution of TMHF authorizing Dr. Cook to bring this lawsuit, has attempted to control distributions from the Peroxisome Trust, which could raise significant adverse tax consequences. As a trustee of TMHF, however, Elaine Marshall has the right to enforce the rights of TMHF to receive distributions from the Peroxisome Trust. *See* LA. REV. STAT. §§ 9:2091, 2093. Preston next points to Elaine Marshall's attempted revocation of a portion of the Peroxisome Trust for ingratitude, which he argues violates the terms of the Peroxisome Trust and applicable federal laws. Preston's own federal tax expert opined Elaine Marshall's attempted revocation of Preston's remainder interest in the Peroxisome Trust and assignment to the Spliceosome Trust is *not* a justification for refusing to authorize distributions. R. Doc. 124-2 at 6-7. Third, Preston avers that his refusal to authorize distributions was justified by TMHF's questionable tax-qualified status, citing to the deposition testimony of his federal tax expert. That expert did not examine the IRS database until June 8, 2018 – two years after Preston first began refusing to authorize distributions. Finally, Preston points to the fact that the Donor of the Peroxisome Trust, Elaine Marshall, is a co-trustee and President of TMHF, which means she could be treated as or deemed to be the "owner" of a portion of the trust, in violation of the Peroxisome Trust agreement and/or the Internal Revenue Code. This argument is likewise speculative and, in any event, any tax consequences will be borne by Elaine Marshall – who consented to the filing of this lawsuit and the relief sought herein. The Court is not persuaded by Preston's attempt to use potential adverse federal tax consequences as a shield.

Preston, as a co-trustee of the Peroxisome Trust, is obligated to assure the distribution of funds owed to TMHF as a beneficiary. His continued refusal to authorize distributions from the Peroxisome Trust to its beneficiary constitutes a breach of trust and a breach of fiduciary duties.

### III. CONCLUSION

For these reasons, Dr. Cook's motion for summary judgment, R. Doc. 62, is **GRANTED**, and Preston's cross-motion for summary judgment, R. Doc. 123, is **DENIED**.

New Orleans, Louisiana, this 21st day of February, 2019.

_____
UNITED STATES DISTRICT COURT JUDGE