# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| STEPHEN D. COOK | * | CIVIL ACTION |
| | * | |
| VERSUS | * | No. 17-5368 |
| | * | |
| PRESTON L. MARSHALL | * | SECTION "L" (3) |

## ORDER AND REASONS

Before the Court is Defendant's motion to stay judgment pending appeal (R. Doc. 137). Plaintiff opposes. Having considered the parties' briefs and the applicable law, the Court now issues this Order and Reasons.

## I.  BACKGROUND

Plaintiff Dr. Stephen Cook brought this action in his capacity as trustee of The Marshall Heritage Foundation ("TMHF"), against Preston Marshall in his capacity as trustee of the Peroxisome Trust, to recover sums that the Peroxisome Trust owed TMHF as its beneficiary.

The Peroxisome Trust is a Louisiana Nongrantor Lead Annuity Trust with two co-trustees: siblings Preston and Pierce Marshall. Originally, the Peroxisome Trust had one beneficiary: the "Marshall Heritage Foundation." The instrument creating the Peroxisome Trust requires the "Trustee" (Preston and Pierce, jointly) to pay the Marshall Heritage Foundation an annuity amount equal to 6.647126% of the initial fair net market value of all property transferred to the trust, in quarterly installments for twenty years. In December 2013, that entity (the Marshall Heritage Foundation) was split into two separate trusts – TMHF and the Marshall Legacy Foundation.

Dr. Cook contends that, as a result of the split, the Peroxisome Trust became obligated to pay half the total original annuity amount (3.323563%) to TMHF and the other half to the Marshall

1

Legacy Foundation. Preston disagrees. Since 2016, he has refused to execute the documents required to effect the quarterly payments by the Peroxisome Trust to TMHF. Preston contends that (1) the Peroxisome Trust Agreement was never amended to name any entity other than the original Marshall Heritage Foundation – which no longer exists – as beneficiary, and (2) his refusal to authorize distributions is justified by potential adverse tax consequences.

## II.     PRESENT MOTION

The Court granted summary judgment in favor of Dr. Cook, finding that (1) TMHF succeeded to one half of the original Marshall Heritage Foundation's beneficial interest in the Peroxisome Trust when it was divided, and (2) Preston's failure to authorize distributions from the Peroxisome Trust to its beneficiary constitute a breach of his fiduciary duties and a breach of the Peroxisome Trust Agreement. Preston is appealing this decision. Because the Court's judgment orders Preston to assure distributions, it is not automatically stayed. Accordingly, Preston now asks the Court to stay execution of the judgment pending appeal.

## III.    LAW AND ANALYSIS

The Court considers four factors in determining whether to grant a stay pending appeal: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Planned Parenthood of Greater Tex. Surgical Health Servs. V. Abbot*, 734 F.3d 406, 410 (5th Cir. 2013) (quoting *Nken v. Holder*, 556 U.S. 418, 425-26 (2009)). Of these factors, the first two – likelihood of success on the merits and irreparable harm – are "the most critical." *Nken*, 556 U.S. at 434. But "where there is a serious legal question involved and the balance of the equities heavily favors a stay … the movant only needs to present a substantial case on the merits."

*In re Deepwater Horizon*, 732 F.3d 326, 345 (5th Cir. 2013) (quoting *Weingarten Realty Investors v. Miller*, 661 F.3d 904, 910 (5th Cir. 2011)). Finally, a stay is "an exercise of judicial discretion," and is not a matter of right, even if irreparable injury might otherwise result." *Nken*, 556 U.S. at 433.

Preston argues that all four factors are met: there is a serious legal question as to whether TMHF became a beneficiary of the Peroxisome Trust by virtue of succeeding to half of the original Marshall Heritage Foundation's assets; compliance with the judgment may result in significant tax consequences; and a stay would cause no harm to Dr. Cook, since the funds are being held in trust and accruing interest. In response, Dr. Cook argues that Preston has failed to demonstrate either a likelihood of success on the merits or irreparable harm absent a stay, and that the charitable beneficiaries of TMHF and the Peroxisome Trust will be harmed if the payments are not made.

This case presents unsettled questions of Louisiana trust law. The Peroxisome Trust instrument designates the original Marshall Heritage Foundation as its sole beneficiary. It also states that, should the original Marshall Heritage Foundation cease to be "an organization defined in §§ 170(c), 2055(a), and 2522(a)" of the Internal Revenue Code at any time payment is due to be made to it, the "Trustee" (Preston and Pierce, jointly) must agree to distribute the payment to one or more qualified entity. Because the original Marshall Heritage Foundation no longer exists, and the Peroxisome Trust instrument has not been amended, Preston contends that TMHF is not a beneficiary as a matter of law, and he owes no duty to it.

Dr. Cook does not dispute the fact that the entity designated as the beneficiary of the Peroxisome Trust no longer exists. He argues, however, that TMHF and the Marshall Legacy Foundation succeeded to the beneficial interest of the original Marshall Heritage Foundation when

3

it was decanted, as permitted by the Louisiana Trust Code.[1] That is, the co-trustees of the original Marshall Heritage Foundation divided its assets – including its beneficial interest in the Peroxisome Trust – equally between TMHF and the Marshall Legacy Foundation, and no amendment was needed under these circumstances.

The Court stands by its analysis of the applicable provisions of the Louisiana Trust Code and the consequences of the original Marshall Heritage Foundation's division – but it "recognizes that this appeal raises a significant legal question," and that Preston "presents a substantial case in support" of his position. *Castleton Commodities Shipping Co. PTE Ltd v. HSL Shipping & Logistics NA, Inc.,* No. 16-6619, 2016 WL 5231844, at *6 (E.D. La. Sept. 22, 2016). *See also, e.g., Cruson v. Jackson Nat'l Life Ins. Co.*, 2018 WL 2937471, at *4 (E.D. Tex. June 12, 2018) (Finding a "substantial case on the merits" given the "novelty of [the] matter and significant lack of precedent").

The Court finds that Preston has presented a substantial case on the merits and that the balance of equities weighs heavily in favor of granting a stay pending its resolution. Preston asserts that distributions from the Peroxisome Trust to TMHF may bring about significant tax consequences – although "at this point Preston can argue to a Tax Court that he is simply

---

[1] La. Rev. Stat. § 9:2030 provides:
> A trustee may combine two or more trusts into one trust, or *divide a trust into two or more trusts*, on written notice to all beneficiaries having a current interest in the trust or trusts, if the combination or division does not impair the rights of any beneficiary or adversely affect the accomplishment of the purposes of the trust or trusts. The division of a trust shall be based on the fair market value of the *assets* of the trust on the effective date of the division and need not result in a uniform interest in each asset. After the division, discretionary distributions need not be made uniformly from each of the separate trusts. A trust instrument may modify these rules, either to expand or to restrict the trustee's authority to combine or divide a trust.

complying with a Court order," the judgment of this Court will have no preclusive effect on future tax disputes if this case is reversed on appeal.

The Court recognizes that TMHF and its charitable beneficiaries have a strong interest in seeing that the payments from the Peroxisome Trust – which Preston has refused to authorize since June 2016 – be made. But since those funds will remain in trust, gaining interest, as they have for the past three years, the Court finds that harm to be outweighed by the potential tax consequences of compliance with the judgment should it be modified or reversed on appeal.

## IV. CONCLUSION

For these reasons, **IT IS ORDERED** that Defendant's motion to stay pending appeal (R. Doc. 137) is hereby **GRANTED**, and Plaintiff's motion to authorize (R. Doc. 134) is **DENIED**.

New Orleans, Louisiana, this 6th day of June, 2019.

_____
United States District Judge