UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| COOK | CIVIL ACTION |
| VERSUS | NO. 17-5368<br>C/W 21-2139 |
| MARSHALL | SECTION "L" (1) |

### ORDER AND REASONS

The Court has before it Defendant Preston Marshall's Motion to Dismiss. R. Doc. 207. Plaintiff has responded in opposition. R. Doc. 208. Having considered the briefing and the applicable law, and having hear the parties at oral argument, the Court now rules as follows.

I.     BACKGROUND

    A.  Previous Suit

On May 30, 2017, Dr. Stephen Cook ("Dr. Cook" or "Plaintiff"), in his capacity as trustee of The Marshall Heritage Foundation ("TMHF"), brought suit against Preston Marshall ("Preston" or "Defendant") in his capacity as co-trustee of the Peroxisome Trust ("the Trust"). R. Doc. 1. Dr. Cook alleged that the terms of the Trust required Preston to authorize the Trust to release certain quarterly payments to TMHF. Plaintiff alleged that, in June of 2016, Preston stopped authorizing these payments. Therefore, Plaintiff sought a declaratory judgment requiring Preston to authorize the Trust to pay all sums owed to TMHF. R. Doc. 1 at 3.

Preston denied that the terms of the Trust required him to authorize payments to TMHF. Rather, Preston argued that the terms of the Trust only required him to authorize payments to the original Marshall Heritage Foundation. This original entity had, subsequent to the founding of the Trust, been split into TMHF and the Marshall Legacy Foundation ("MLF"). Preston argued that

1

these new foundations were thus different entities than the original Marshall Heritage Foundation. Therefore, Preston argued that he was not bound, by the terms of the Trust, to authorize payments to TMHF.

On February 25, 2019, this Court granted Plaintiff's motion for summary judgment. The Court held that Preston was obligated to authorize payments from the Trust to TMHF and that Preston had breached his fiduciary duties as co-trustee by refusing to authorize these payments. R. Doc. 132 at 12. The United States Court of Appeals for the Fifth Circuit affirmed this Court's judgment on December 31, 2020. R. Doc. 161.

Plaintiff moved to enforce the judgment on February 3, 2021, alleging that Preston had continued his refusal to pay distributions to TMHF, file tax returns, and mitigate damage to the Trust and its beneficiaries. Plaintiff also requested that the Court remove Preston as a co-trustee of the Trust. R. Doc. 162-1 at 2. The Court did not remove Preston as a co-trustee, but ordered that Preston be held in contempt and that he authorize his co-trustee Pierce Marshall ("Pierce") to resolve the Trust's tax liability with the Internal Revenue Service ("IRS") and make the appropriate payments to its beneficiaries. R. Doc. 178 at 5. Preston filed a notice of compliance stating that he had given Pierce these authorizations on April 15, 2021. R. Doc. 179. On June 16, 2021, Plaintiff sought further Court authorization for Pierce to resolve the Trust's Louisiana tax liability without the input of Preston. R. Doc. 180. The Court granted this authorization. R. Doc. 203.

### B. Present Suit

On November 18, 2021, Dr. Cook filed a new lawsuit against Preston. In this new suit, Dr. Cook appears not only in his capacity the co-trustee of TMHF but also in his capacity as co-trustee of the MLF. Additionally, Preston is named Defendant in his individual capacity, as well as in his capacity as co-trustee of the Trust.

Plaintiff alleges that Preston's previous breaches of fiduciary duty caused the Trust to incur substantial tax debt. Moreover, Plaintiff alleges that Preston's post-judgment failures to authorize the filing of tax returns and to file for tax extensions caused the Trust to incur additional losses in the form of tax penalties. Plaintiff alleges that these penalties have been deducted from the money TMHF and MLF were due to receive as beneficiaries. Thus, Plaintiff seeks compensation for these damages and seeks removal of Preston as co-trustee based on these alleged breaches of fiduciary duty.

Plaintiff additionally seeks compensation for the amount of interest which would have accrued to TMHF and MLF had Preston timely authorized all payments to TMHF and MLF. Because Preston failed to authorize these payments, the money owed to TMHF and MLF remained in the Trust. Thus, Plaintiff alleges that the interest on this money wrongfully accrued to the Trust rather than to TMHF and MLF. Accordingly, Plaintiff seeks monetary damages from Preston in the amount of this interest, calculated as of November 2021.

## II. PRESENT MOTION

Preston seeks to dismiss Dr. Cook's complaint, offering five arguments in support. First, he contends, under Federal Rule of Civil Procedure 12(b)(6), that Dr. Cook fails to state a claim upon which relief can be granted because all of Dr. Cook's claims are barred by res judicata. Second, Preston avers that Dr. Cook has failed to state a claim upon which relief can be granted because his claims are all barred by collateral estoppel. Third, Preston asserts, under Rule 12(b)(3), that venue is not proper. Fourth, he contends that, under Rule 12(b)(7), Dr. Cook has failed to join necessary parties who, if joined, would destroy the Court's diversity jurisdiction. Finally, Preston asserts that the Court should decline to exercise jurisdiction under the "Colorado River Doctrine" because a "parallel" suit is ongoing in state court. These arguments are addressed in turn below.

### III. DISCUSSION

#### A. Defendant's Rule 12 (b)(6) Arguments

##### i. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may seek dismissal of a complaint based on the "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* When evaluating a 12(b)(6) motion, the Court must "take the well-pled factual allegations of the complaint as true and view them in the light most favorable to the plaintiff." *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008) (citing *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)). However, a court "do[es] not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005).

##### ii. Res Judicata

Preston argues that all of Cook's present claims could have been litigated in the first lawsuit ("*Cook I*") that Cook filed against Preston. Therefore, Preston argues that no relief can be granted on these claims because they are barred by the doctrine of res judicata.

"[R]es judicata[] bars the litigation of claims that either have been litigated or should have been raised in an earlier suit." *Test Masters Educational Services, Inc., v. Singh*, 428 F.3d 559 (5th Cir. 2005). Here, Louisiana res judicata law applies because "[f]ederal courts sitting in diversity apply the [res judicata] law of the forum state." *Dotson v. Atlantic Specialty Ins. Co*. 24 F. 4th 999,

4

1102 (5th Cir. 2022). Under La. R. S. § 13:4231, five requirements must be met for res judicata to bar a lawsuit: "(1) the [original] judgment is valid; (2) the [original] judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation." The parties agree that the judgment in *Cook I* was both final and valid. However, they dispute the third, fourth, and fifth factors.

Significantly, the Fifth Circuit has noted that "generally a res judicata contention cannot be brought in a motion to dismiss; it must be pleaded as an affirmative defense." When a party nevertheless raises res judicata on a motion to dismiss, "the party urging res judicata has the burden of proving each essential element by a preponderance of the evidence." *Webb v. Town of St. Joseph*, 560 Fed. App'x 362 (5th Cir. 2014) (holding that dismissal was not proper on res judicata grounds when Defendants failed to prove one element of res judicata by a preponderance of the evidence).

Here, Defendant cannot prove all elements of res judicata by a preponderance of the evidence. Of the three elements contested by the parties, all three weigh in favor of denying Defendant's motion to dismiss.

### 1. Whether the Parties are the same

Under Louisiana law, "An identity of parties exists whenever the same parties, their successors, or others appear so long as they share the same quality as parties . . . A person has the same quality when [1] he or she appears in the same capacity in both suits, or [2] when he or she is in privy to a party in the prior suit." Each of these options is examined in turn.

First, the parties dispute whether Cook and Preston appear in the same capacities in both

suits. Defendant contends that the parties appear in the same capacities: "[i]n both cases, Cook appears as a purported co-trustee of a beneficiary of the Peroxisome Trust suing Preston as a co-trustee of the Peroxisome Trust." R. Doc. 207-1 at 9. Plaintiff disagrees with Defendant's conclusion. Plaintiff notes that Defendant is correct that, in both suits, Dr. Cook appeared in his capacity as a co-trustee of TMHF, and Preston appeared in his capacity as co-trustee of the Trust. However, Plaintiff points out that, in the present suit, the parties also appear in additional capacities: Cook appears in his capacity as co-trustee of the MLF, and Preston is named in his personal capacity. Thus, Plaintiff concludes that the parties do not appear in identical capacities.

The Court agrees with Plaintiff. "Res judicata does not apply when the parties appear in one action in a representative capacity and in a subsequent action in an individual capacity." *Howell Hydrocarbons, Inc. v. Adams*, 897 F.2d 183, 188 (5th Cir. 1990). Here, both parties appear in different capacities in the second suit: Plaintiff appears as a representative of a separate foundation, and Defendant appears in his individual capacity. Thus, the Court finds that the parties are not the same under this test.

Alternatively, Defendant contends that the Court should find the parties to the present suit "in privity" with the parties to *Cook I*. R. Doc. 207-1 at 10. Privity is "a legal conclusion that the relationship between the one who is a party on the record and the non-party is sufficiently close to afford the principle of preclusion." *New York Life Ins. Co. v. Deshotel*, 946 F. Supp. 454, 462 (E.D. La. 1996). Here, the court declines to find privity between the parties and their counterparts in *Cook I*. As mentioned above, Cook brings suit on behalf of a separate foundation; thus, his position in the present suit is not "sufficiently close" to his position in the past suit so as to warrant preclusion. Furthermore, Preston's personal interests, which are at issue in this suit, are not 'close" to his interests as a co-trustee of the jointly held Trust. Therefore, the Court finds that there is not

sufficient closeness between the parties.

### 2. Whether the cause or causes of action litigated in the second suit existed at the time of the final judgment in the first litigation

The doctrine of res judicata bars litigation of all issues that "could have" been litigated in an earlier suit. Here, the parties dispute whether Plaintiff's causes of action existed at the time of the final judgment in *Cook I*.

Defendant contends that Cook could have sought all relief requested in the present lawsuit in *Cook I*. Specifically, Preston contends that Cook knew, at the time of the initial suit, that the Trust might incur tax liability which would endanger its ability to meet its financial obligations to TMHF. Thus, Defendant contends that Cook could have requested compensation for damages arising from this potential underpayment in *Cook I*. Additionally, Defendant avers that Cook could have requested that the Court remove Preston as co-trustee in the initial suit.

Plaintiff argues that, when he filed *Cook I*, he did not know whether or to what extent the Trust would incur tax liability, nor whether damages to the Trust resulting from such liability would be passed on to TMHF and MLF. Plaintiff alleges that Preston reassured him, throughout the prior litigation, that the tax liability would not impact payments to TMHF and MLF. Finally, Plaintiff contends that he seeks dismissal of Cook as a co-trustee based on Preston's post judgment breaches of fiduciary duty, such as his failures to file tax returns and extensions, and his including the Court's decision to hold him in contempt Thus, Cook contends that the causes of action at issue in the present suit were not available in the first suit.

The Court agrees with Plaintiff. A cause of action for damages accruing to a plaintiff as a result of a defendant's failure to comply with a court's judgment necessarily do not exist at the time of the initial suit. *See New Orleans Jazz and Heritage Foundation, Inc. v. Kirksey*, 104 So.3d

7

714, 719 (2012). Plaintiff's complaint largely arises from Defendant's failure to comply with the Court's judgment to authorize payments to TMHF and MLF and post-judgment refusals to resolve the Trust's tax liability. These causes of action did not exist at the time of the initial judgment.

> **3. Whether the cause or causes of action asserted in the second suit arose out of the same transaction or occurrence that was the subject matter of the first litigation.**

The final element of res judicata is strongly related to the last one. A plaintiff must assert all of his rights and claim all of his remedies arising out of the transaction or occurrence that is the subject matter of the first litigation. *Mason v. Auto Club Family Ins. Co.*, 2010 WL 4924766, at *4 (E.D.La. Nov. 29, 2010). What constitutes the transaction or occurrence is to be determined on a case-by-case basis. *See Dotson v. Atlantic Specialty Insurance Company*, 24 F.4th 999, 1003 (5th Cir. 2022). An action is barred by res judicata under Louisiana law when "both of the actions concern a group of facts so connected as to constitute a single wrong and so logically related that judicial economy and fairness mandate that all issues be tried in one suit." *Id.* at 104 (citation omitted).

But a cause of action that arises after the rendition of the final judgment could not have been asserted earlier and thus is not precluded by the judgment. *Mason v. Auto Club Family Ins. Co.*, 2010 WL 4924766, at *4 (E.D.La. Nov. 29, 2010). Under Louisiana law, a cause of action accrues when a party has the right to sue, which requires fault, causation, and damages. *Oakes v. Countrywide Home Loans, Inc.*, 2012 WL 2327920, at *4-5 (E.D. La. Jun. 19, 2012) (citing *Ebinger v. Venus Constr. Corp.*, 65 So. 3d 1279, 1286 (La. 2011)). Damage is sustained "when it has manifested itself with sufficiency certainty to support accrual of a cause of action." *Id.* (quoting *Bailey v. Khoury*, 891 So. 2d 1268, 1275 (2005).

Damages in this case are sought on behalf of MLF and TMHF. But no taxes, penalties, and interest were paid by the Peroxisome Trust until 2021; and those did not start being assessed until 2019, after the Court's Judgment in *Cook I*. Peroxisome Trust's damages were not certain until after Pierce was able to negotiate with the IRS and LDR and then pay the taxes, penalties, and interest following *Cook I*. Only after resolution of the tax issues did damages to TMHF and MLF arise and become certain. Indeed, if Preston had complied with the Judgment when it was rendered, these new damages might have been avoided. This case focuses on Preston's alleged post-Judgment misconduct, including his continued refusal to address the Peroxisome Trust's tax issues, to follow Court orders, and to cooperate with Pierce for years after the Judgment. Accordingly, the nucleus of operative facts in *Cook I* is not the same nucleus of operative facts as in this case. *See J. M. Smith Corp. v. Ciolino Pharmacy Wholesale Distributors, LLC*, No. 14-2580, 2015 WL 2383841 (E.D. La. 2015) (holding that res judicata does not bar claims where the allegations are temporally related to the original action, but where the operative facts as to the new claims are actions defendants took after plaintiff's rights against them were established in the original action). Plaintiff's claims are not barred by res judicata.

### B. Collateral estoppel

"A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment." La. R. S. 13:4231(3). But in order for this to apply, (1) the parties must be identical; (2) the issue to be precluded must be identical to that involved in the prior action; (3) the issue must have been actually litigated; and (4) the determination of the issue in the prior action must have been necessary to the resulting judgment. *Sevin v. Parish of Jefferson*, 632 F. Supp. 2d (E.D. La. 2008). The Court has determined *supra*

9

that the parties in this action are not identical to the parties in *Cook I*. Accordingly, collateral estoppel does not bar Plaintiff's claims here.

### C. Venue

Rule 12(b)(3) permits a defendant to move for dismissal due to "improper venue." *See Summers v. Kenton, OH Policea*, 2012 WL 1565363, at *4 (E.D. La. May 2, 2012). When an objection to venue has been raised, "the plaintiff bears the burden to establish that the district he chose is a proper venue." *Id.* (citation omitted). In this case, Defendant argues under Louisiana law that the Eastern District of Louisiana is not the proper venue for this action. But federal law, not state law, usually controls the outcome of subject matter jurisdiction and venue disputes in federal court. *See, e.g.*, *Trust Co. Bank v. U.S. Gypsum Co.*, 950 F.2d 1144, 1149 (5th Cir. 1992); *Randall v. Arabian Am. Oil Co.*, 778 F.2d 1146, 1150 (5th Cir. 1985) ("Only the Constitution and the laws of the United States can dictate what cases or controversies our federal courts may hear."). Federal jurisdictional statute 28 U.S.C. § 1391 provides that it "shall govern the venue of all civil actions brought in district courts of the United States." That statute provides that jurisdiction is proper, *inter alia*, in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. In this case, a substantial part of the events giving rise to this case occurred in this district. Plaintiff's complaint alleges that Defendant's breaches of fiduciary duty occurred here, as did tax issues with the trust due to the Louisiana State taxes were owed by foundation. Accordingly, Defendant's motion to dismiss under Rule 12(b)(3) is denied.

### D. Joinder

Rule 12(b)(7) allows dismissal for failure to join a party under Rule 19. Rule 19 provides for joinder of all parties whose presence in a lawsuit is required for the fair and complete resolution of the dispute at issue. According to the Fifth Circuit, the Rule 12(b)(7) analysis entails two

inquiries under Rule 19: The court must first determine under Rule 19(a) whether a person should be joined to the lawsuit. If joinder is warranted, then the person will be brought into the lawsuit. But if such joinder would destroy the court's jurisdiction, then the court must determine under Rule 19(b) whether to press forward without the person or to dismiss the litigation that should not proceed in the absence of parties that cannot be joined. *See HS Resources, Inc. v. Wingate*, 327 F.3d 432, 438 (5th Cir. 2003). Preston argues that his fellow co-trustee of the Peroxisome Trust and co-trustee of TMHF and Legacy must be joined in this action, and that their addition would destroy diversity between the parties. R. Doc. 207 at 19-22. Therefore, he argues that this case should be dismissed.

Rule 19(a) provides that

"[a] person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

This inquiry is necessarily factually intensive. *See* 7 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure*, §1604 (3d ed. 2021) ("By its very nature Rule 19(a) calls for determinations that are heavily influenced by the facts and circumstances of individual cases."). The party advocating for joinder bears the initial burden of proving a necessary

11

party must be joined. *Colbert v. First NBC Bank*, WL 1329834 (E.D. La. March, 31, 2014). Here, Preston fails to meet his burden of proof that either party must be joined. The Court can grant the relief requested in this case, damages against Preston and his removal as co-trustee, without either additional party being joined. Neither of those parties are claiming any interest that is not represented by Plaintiff: in fact, they authorized Dr. Cook, in his capacity as co-trustee of TMHF and MLF, to file this lawsuit against Preston. Because these interests are adequately represented, failure to join these parties will not subject Defendant to a risk of incurring multiple of inconsistent obligations. Accordingly, dismissal for failure to join these so-called indispensable parties would be inappropriate.

### E. Colorado River Doctrine

The Colorado River Doctrine provides that a federal court may under some circumstances decline to hear a case while there is a parallel case pending in state court. However, it is only available under "exceptional circumstances[.]" *Brown v. Pac. Life Ins. Co.*, 462 F.3d 384, 395 (5th Cir.2006). Colorado River abstention "represents an 'extraordinary and narrow exception' to the 'virtually unflagging obligation of the federal courts to exercise the jurisdiction given them.'" *Black Sea Inv., Ltd. v. United Heritage Corp.*, 204 F.3d 647, 649 (5th Cir. 2000) (citing *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976)). Among other requirements, Colorado River abstention can only be applied when the movant meets his burden to show that a federal suit and a state suit "are parallel, having the same parties and the same issues." *Stewart v. W. Heritage Ins. Co.*, 438 F.3d 488, 491 (5th Cir. 2006). Actions are parallel where the state court proceedings "are sufficiently similar to the federal proceedings to provide relief for *all* of the parties' claims." *Biel v. Bekmukhamedova*, 964 F. Supp. 2d 631, 636-37 (2013) (emphasis original) (citation omitted). "In this analysis, the central inquiry is whether

there is a substantial likelihood that the state litigation will dispose of all claims presented in the federal case." *Chaffee McCall, LLP v. World Trade Ctr. of New Orleans,* 2009 WL 322156, at *9 (E.D. La. Feb. 9, 2009). Ultimately, "[i]f the suits are not parallel, the federal court must exercise jurisdiction." *Stewart*, 438 F.3d at 491 n. 3. In this case, Plaintiff seeks damages from Preston personally due to the damage he caused TMHF and MLF as a co-trustee of the Peroxisome Trust; and Preston's removal as cotrustee of the Peroxisome Trust. Neither of these remedies is being sought in the related pending state law action. Accordingly, the Colorado River Doctrine does not apply in this case.

### IV.   CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is **DENIED**.

New Orleans, Louisiana, this 8th day of December, 2022.

_____
UNITED STATES DISTRICT JUDGE