UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DR. STEPHEN D. COOK, IN HIS CAPACITY AS CO-TRUSTEE OF THE MARSHALL HERITAGE FOUNDATION AND DR. STEPHEN D. COOK, IN HIS CAPACITY AS CO-TRUSTEE OF THE MARSHALL LEGACY FOUNDATION | CIVIL ACTION NO. 17-5368 C/W 21-2139  SECTION: L HONORABLE ELDON E. FALLON |
| VERSUS | |
| PRESTON L. MARSHALL, BOTH IN HIS CAPACITY AS CO-TRUSTEE OF THE PEROXISOME TRUST AND IN HIS PERSONAL CAPACITY | MAGISTRATE 1 HONORABLE JANIS VAN MEERVELD |

ORDER & REASONS

Before the Court are two motions from Dr. Cook: a motion for partial summary judgment on damages and a motion for partial summary judgment on removing Preston as a trustee. After reviewing the parties briefing and applicable law, and following oral argument on the motions, the Court now rules as follows.

## I.   BACKGROUND:

### a.   Previous Suit

On May 30, 2017, Dr. Stephen Cook ("Dr. Cook" or "Plaintiff"), in his capacity as trustee of The Marshall Heritage Foundation ("TMHF"), brought suit against Preston L. Marshall ("Preston" or "Defendant") in his capacity as co-trustee of the Peroxisome Trust ("the Trust"). R. Doc. 1. Dr. Cook alleged that the terms of the Trust required Preston to authorize the Trust to release certain quarterly payments to TMHF. Plaintiff alleged that, in June of 2016, Preston

1

stopped authorizing these payments. Therefore, Dr. Cook sought a declaratory judgment requiring Preston to authorize the Trust to pay all sums owed to TMHF. R. Doc. 1 at 3.

Preston denied that the terms of the Trust required him to authorize payments to TMHF. Rather, Preston argued that the terms of the Trust only required him to authorize payments to the original Marshall Heritage Foundation. This original entity had, subsequent to the founding of the Trust, been split into TMHF and the Marshall Legacy Foundation ("MLF"). Preston argued that these new foundations were thus different entities than the original Marshall Heritage Foundation. Therefore, Preston argued that he was not bound, by the terms of the Trust, to authorize payments to TMHF.

On February 25, 2019, this Court granted Dr. Cook's motion for summary judgment. The Court held that Preston was obligated to authorize payments from the Trust to TMHF and that Preston had breached his fiduciary duties as co-trustee by refusing to authorize these payments. R. Doc. 132 at 12. The United States Court of Appeals for the Fifth Circuit affirmed this Court's judgment on December 31, 2020. R. Doc. 161. Nevertheless, Preston refused to authorize the payments.

Dr. Cook moved to enforce the judgment on February 3, 2021, alleging that Preston had continued his refusal to pay distributions to TMHF, file tax returns, and mitigate damage to the Trust and its beneficiaries. Dr. Cook also requested that the Court remove Preston as a co-trustee of the Trust. R. Doc. 162-1 at 2. The Court did not remove Preston as a co-trustee at that time, but ordered that Preston be held in contempt and that he authorize his co-trustee Pierce Marshall ("Pierce") to resolve the Trust's tax liability with the Internal Revenue Service ("IRS") and make the appropriate payments to its beneficiaries. R. Doc. 178 at 5. In its order, the Court gave Preston ten days, until April 15, 2021, to comply and purge himself from contempt, failing which he would

be required to pay $500 per day. Preston filed a notice of compliance stating that he had given

Pierce these authorizations on April 15, 2021. R. Doc. 179. On June 16, 2021, Dr. Cook sought

further Court authorization for Pierce to resolve the Trust's Louisiana tax liability without the input

of Preston. R. Doc. 180. The Court granted this authorization. R. Doc. 203.

### b.  Present Suit

On November 18, 2021, Dr. Cook filed a new lawsuit against Preston. In this new suit, Dr.

Cook appears not only in his capacity as the co-trustee of TMHF but also in his capacity as co-

trustee of the MLF. Additionally, Preston is named Defendant in his individual capacity, as well

as in his capacity as co-trustee of the Trust. *See* R. Doc. 206, Consolidation Order.

Dr. Cook alleges that Preston's previous breaches of fiduciary duty caused the Trust to

incur substantial tax debt. Moreover, Dr. Cook alleges that Preston's post-judgment failures to

authorize the filing of tax returns and to file for tax extensions caused the Trust to incur additional

losses in the form of tax penalties. Dr. Cook alleges that these penalties have been deducted from

the money TMHF and MLF were due to receive as beneficiaries. Thus, Dr. Cook on behalf of the

Trust seeks reimbursement for these damages and seeks removal of Preston as co-trustee based on

these alleged breaches of fiduciary duty.

Dr. Cook additionally seeks reimbursement for the amount of interest which would have

accrued to TMHF and MLF had Preston timely authorized all payments to TMHF and MLF.

Because Preston failed to authorize these payments, the money owed to TMHF and MLF remained

in the Trust. Thus, Plaintiff alleges that the interest on this money wrongfully accrued to the Trust

rather than to TMHF and MLF. Accordingly, Dr. Cook seeks monetary damages from Preston in

the amount of this interest, calculated as of November 2021.[1]

---

[1]. In his Motion for Partial Summary Judgment on Damages, Dr. Cook provides an updated calculation of interest
through April 1, 2023.

Dr. Cook filed this case in federal court under basis of enforcing provisions of a charitable trust under 28 U.S.C. §1391. R. Doc. 1 at 2.

### c.  Defendant's Response

Preston generally denies Dr. Cook's allegations and asserts a number of affirmative defenses, including: (1) claims are barred by res judicata and collateral estoppel; (2) improper venue; (3) lack of subject-matter jurisdiction; (4) TMFH and Legacy have not suffered damages; (5) if damages are found, they are de minimis; (6) Dr. Cook lacks standing or capacity; (7) Dr. Cook's alleged facts and damages do not warrant removing of a trustee; (8) unclean hands; (9) settlor's intent is sacrosanct; (10) Preston has capacity and competency to continue serving as trustee; and (11) removing Preston as trustee is in direct contradiction to the parties' prior agreement. R. Doc. 234 at 1-6. The Court rejected Preston's initial motion to dismiss on those grounds.

## II.    PRESENT MOTIONS

Before the Court are two motions by Dr. Cook: (1) a motion for partial summary judgment on damages, R. Doc. 239; and (2) a motion for partial summary judgment seeking removal of Preston L Marshall as co-trustee of the Peroxisome Trust, R. Doc. 240. Preston has filed responses in opposition to both. R. Docs. 320 and 321. Dr. Cook filed reply briefs. R. Docs. 338 and 340.

### A.  Damages

Dr. Cook asserts that there exists no dispute of material fact that Preston breached his fiduciary duty thereby incurring the unpaid annuities and interest at hand, and subsequently, a finding against Preston as to those ascertainable damages is appropriate for summary judgment. R. Doc. 239-1. Dr. Cook's theory of liability remains unchanged from earlier points in this litigation: Preston failed to authorize the required disbursements to TMHF and MLF, this caused

the Peroxisome Trust to incur tax liabilities, Preston refused to work with Pierce to address those liabilities, and Preston failed to make the required disbursements, in part because the money for those disbursements was used to pay the tax liabilities Preston incurred. Therefore, the undisbursed amounts plus their accrued interest are owed to TMHF and MLF. *Id.* at 14-18. According to Dr. Cook, had the amounts been disbursed on time to TMHF and MLF, the interest that Peroxisome earned on those funds would have inured to those beneficiary trusts and therefore that interest should go to them. *Id.* at 17-18. He calculates this sum at a total of $10,719,153.50 as of April 1, 2023, consisting of unpaid quarterly annuities of $6,116,944.50 and interest of $4,602,209. *Id.* at 18. In calculating the interest, Dr. Cook argues that courts in Louisiana in the trust context impose a "legal rate of interest" as set by statute and he therefore used that rate to calculate the interest amount. *Id.* at 16.

Preston in opposition argues that Dr. Cook, Pierce, and Elaine Marshall ("Elaine") failed to mitigate damages by refusing to consent to the splitting of the Peroxisome Trust in 2013. R. Doc. 321 at 10. He alleges further failures to mitigate, arguing that they should have filed suit against Preston and/or contacted the IRS sooner than they did, and that they should have sold off or leveraged the Peroxisome Trust assets to "make up the alleged shortfalls." *Id.* Preston argues that Pierce as a co-trustee had a duty to prevent other trustees from breaching their duties, but that his only action to mitigate the losses underlying this suit was to authorize Dr. Cook to file this suit. *Id.* at 12-13. Therefore, Preston asserts, questions of fact exist as to Pierce's fault in this matter and summary judgment is inappropriate. *Id.* at 11. Further, Preston argues that Pierce refused to furnish information that Preston needed in order to file the tax returns and therefore Pierce is arguably responsible for those tax consequences. *Id.* at 13. Preston makes similar claims about Elaine, arguing that there are questions of fact as to her fault and alleged failure to mitigate,

therefore summary judgment is not proper. *Id.* at 15-16. Lastly on mitigation, Preston argues that the Peroxisome Trust agreement permits annuity payments from the trust principal, therefore Dr. Cook and Pierce could have authorized such payments and avoided the shortfall. *Id.* at 17-18.

In addition to his mitigation arguments, Preston in his opposition argues that the term of the Peroxisome Trust could be extended by the IRS from its current twenty-year term when annuity schedules require deviation. *Id.* at 19. He further disputes the damages calculation Dr. Cook presents, stating they are far from certain and that interest was improperly calculated, and argues that any mitigation argument the Court finds persuasive should operate to reduce the damage award. *Id.* at 20-25. He additionally argues that if he is forced to pay damages personally, this will amount to a "double recovery" for the beneficiary trusts because once the appeals of the tax disputes become finalized, the trusts may receive "millions of dollars in additional payments." *Id.* at 22.

Dr. Cook filed a reply brief in which he rebuts Preston's attacks on the interest calculations and argues that Preston's failure to mitigate arguments are unpersuasive for numerous reasons, including *res judicata* on the division of Peroxisome Trust and that Preston's assertions that Dr. Cook and others should have sued him earlier is "the height of *chutzpah*." R. Doc. 334-1 at 7-9.

### B. Removal

Dr. Cook's second motion for partial summary judgment moves the Court to remove Preston as a co-trustee of the Peroxisome Trust. R. Doc. 240. Dr. Cook argues that Louisiana state law permits removal of a trustee upon a showing of sufficient cause, a showing which is satisfied by breaches of the duties of loyalty and trust and failures to distribute according to the trust instrument. R. Doc. 240-1 at 11-14. Pointing to the earlier lawsuit where Preston was found to have violated his fiduciary duties, compounded by his additional "contemptuous misconduct"

following this Court's judgment, Dr. Cook represents that this more than rises to the level required by statute for removal. *Id.* at 14-15. Further, he points to a different state court lawsuit wherein Preston was removed as a trustee of a different trust (whose beneficiaries are also TMHF and MLF) to show that Preston has demonstrated a pattern of misconduct and breaches of his fiduciary duties in the trust context. *Id.* at 15-17.

In opposition, Preston argues that Dr. Cook could have but failed to seek enforcement of this Court's earlier judgment which would have accomplished the disbursements at issue, instead seeking only Preston's removal at that time. R. Doc. 320 at 7. Preston argues that this Court refused to remove him and instead directed him to authorize Pierce to work with the IRS to resolve the tax issues *Id.* at 8. Since then, Preston claims, no new facts have emerged that would warrant his removal. *Id.* at 11. He further argues that although he was found to be in breach of his fiduciary duties, he avers he acted "honestly and reasonably" under the circumstances such that the remedy of removal is inappropriate. *Id.* at 12. He further reiterates some of his other arguments, for example that Pierce is also to blame for the underlying events, Pierce, Elaine, and Dr. Cook failed to mitigate damages, and that the Peroxisome Trust could have made up the shortfalls by dipping into its principal, borrowing funds, or selling assets. *Id.* at 13-23. Lastly, he urges this Court not to consider other lawsuits when adjudicating these motions. *Id.* at 23-25.

Dr. Cook filed a reply brief arguing that Preston presents no disputes of material fact in his opposition and that his actions post-judgment warrant removal. R. Doc. 335-1 at 4-5. He further refutes any characterization of Preston's actions as "reasonable" and therefore objects to any excusal of liability on those grounds. *Id.* at 5.

### III. APPLICABLE LAW

### A. Summary Judgment Standard

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The court must view the evidence in the light most favorable to the nonmovant. *Coleman v. Hous. Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997). Initially, the movant bears the burden of presenting the basis for the motion; that is, the absence of a genuine issue as to any material fact or facts. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmovant to come forward with specific facts showing there is a genuine dispute for trial. *See* Fed. R. Civ. P. 56(c*); Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). "A dispute about a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 956 (5th Cir. 1993) (citation omitted).

### B. Louisiana Trust Code

The Louisiana Trust Code provides that:

> If a trustee commits a breach of trust, he shall be chargeable with: (1) A loss or depreciation in value of the trust estate resulting from a breach of trust; or (2) A profit made by him through breach of trust; or (3) A profit that would have accrued to the trust estate if there had been no breach of trust.

La. R.S. § 9:2201. The Code also contemplates personal liability in certain circumstances, for example when a trustee commits a tort: "A trustee may also be held personally liable for any tort committed by him or his agents or employees in the course of their employment, subject to the right of exoneration or reimbursement provided in R.S. 9:2191 through 9:2196." La. R.S. § 9:2126(D). Breaches of fiduciary duties also give rise to personal liability. *Brown v. Schwegmann*, 861 So. 2d 862,868 (La. App. 4 Cir. 2003) (holding that the trustee was personally liable for his breach of trust); *Succession of Carriere*, 216 So. 2d 616, 618 (La. App. 4 Cir. 1968) ("Moreover,

like an executor, a trustee is personally liable for the breach of his fiduciary obligations . . . .")
(citing La. R.S. § 9:2201).

The Trust Code permits a court to remove a trustee "for sufficient cause." La. R.S. §
9:1789(A). A beneficiary is also given the right to pursue a removal action against a trustee. La.
R.S. § 9:2221(4). Courts interpreting the sufficient cause requirement have found that breaches of
fiduciary duties can warrant a trustee's removal. For example, in *Albritton v. Albritton*, the court
agreed that "the breach of the duty of loyalty, the escalating hostility between Mr. Albritton and
his son, and the failure of the trustees to account, justified the removal of Dr. Albritton as trustee."
622 So. 2d 709, 715 (La. App. 1 Cir. 1993). That court however declined to remove another trustee,
finding that the argument that she "worked for Dr. Albritton, [thus] she was his alter ego" did not
amount to sufficient cause. *Id.* In that case, the court explained the "general rule [which is] that
neither conflict of interest . . . nor the hostility itself, constitutes sufficient cause for removal of a
trustee unless it materially impairs or interferes with the proper administration of the trust." *Id.* at
713.

Courts require "more than a mere technical violation of the Trust Code as grounds for
removal." *Fontenot ex rel Fontenot v. Choppin*, 836 So. 2d 322, 324 (La. App. 1 Cir. 2002*); Curtis
v. Breaux*, 458 So. 2d 582, 588 (La. App. 3 Cir. 1984). In *Fontenot*, the court found sufficient
cause for removal existed because of the trustee's failure to provide annual accounting, failure to
permit beneficiaries to inspect records, failure to collect assets of the trust, and the filing of
inaccurate income tax returns. *Fontenot*, 836 So. 2d at 325 ("We find that the Trustee's multiple
violations of the mandates of the Trust Code and of the terms of the Trust instrument comprise
sufficient grounds for the removal of the Trustee . . . .). In *Martin v. Martin*, the court found
sufficient cause for removal after the trustee "failed to timely and consistently comply with the

clear mandate of the trust instrument," for example by failing to provide annual accounting and failing to distribute income as required. 663 So. 2d 519, 522 (La. App. 4 Cir. 1995).

The Supreme Court of Louisiana has held that "while mere animosity is not sufficient ground for removal of the trustee, the statutory provisions relative to the responsibilities of a trustee are very rigid" and the trustee is held to "an even higher fiduciary responsibility to his beneficiary than that owed by a succession representative to heirs." *Succession of Dunham*, 402 So. 2d 888, 900 (La. 1981). The court affirmed the lower court's removal of the trustee in that case due to breaches of their fiduciary duties, including the duty to act prudently and the duty to administer the trust solely in the beneficiaries' interest. *Id.* at 901 (quoting approvingly the lower court's reasoning).

While the Trust Code permits a court to remove a trustee in proper circumstances, a court may also "excuse a trustee wholly or partly from liability for a breach of trust if the trustee acted honestly and reasonably." La. R.S. § 9:2208. The case law interpreting this requirement is sparse[2] but the Louisiana Civil Law Treatise describes that the "conjunctive terms ('honest' and 'reasonable') suggest that court approval should be forthcoming only if the trustee acted in subjective good faith and the action, viewed objectively, was reasonable." 11 La. Civ. L. Treatise § 16:9 (3d ed. 2022).

Although not a provision of the Louisiana Trust Code, courts calculating damages in association with a trustee's removal associated debts to the trust will apply a legal rate of interest as set by statute. In *Bridwell v. Bridwell*, a trustee was removed after depleting the trust account and placing the funds into an account in her own name. 381 So. 2d 566, 570 (La. App. 2 Cir. 1980).

---

[2]. "There are no interpretative rulings on the meaning of Section 2208. The only case decided under it raised a question of the appropriate venue for the relief sought, rather than relief from liability." 11 La. Civ. L. Treatise §16:9 (3d ed. 2022).

The court noted that following her removal, her "position was that of a debtor of the trust, indebted for an amount equal to the value of the trust funds and loss of profit during her tenure as trustee." *Id.* at 570-71. "The only damages due for delay in the performance of an obligation to pay money is interest." *Id.* at 571. Therefore, the court applied the statutory legal rate of interest to calculate the damages. *Id.*

## IV. DISCUSSION

On the question of removal, the Court acknowledges that Dr. Cook has asked for Preston's removal as a trustee in the past and that this Court declined to remove him at that time. Instead, the Court opted to hold Preston in contempt until he worked with Pierce to resolve the tax liability issues, and Preston complied. During oral argument on these motions for summary judgment and in his briefs, Preston argued that he has breached no additional duties and he has committed no further misconduct between that time and today that would warrant his removal and that the Court should again decline to impose such a remedy. However, the Court's decision not to remove Preston at that time, in April of 2021, was not premised on a lack of breach or a finding that removal was inappropriate under the facts and circumstances of this case. It was to give him one more chance to comply with his duties in the future. Instead, he squandered that chance.

Preston also argued that a court may relieve a trustee of liability if the trustee acted reasonably and honestly. The Court finds the notion that Preston's actions were honest and reasonable unpersuasive. Even after the Fifth Circuit affirmed this Court's finding on his breaches in the earlier suit, he refused to act until under contempt. Further, Preston's primary argument against removal, that Dr. Cook and others failed to mitigate damages by, among other things, failing to sue him sooner, is not a convincing argument. The fact is that this Court and the Fifth Circuit found that Preston breached his fiduciary duty to the Trust. Courts applying the Louisiana

11

Trust Code have removed trustees for breaches of fiduciary duty. *See, e.g.*, *Albritton*, 622 So. 2d at 715; *Succession of Dunham*, 402 So. 2d at 901. Dr. Cook has shown sufficient cause for removal and the Court will grant his motion for partial summary judgment on removal.

Next, on the issue of damages, the Court is less certain. There is no question that the beneficiary trusts are owed annuities and accompanying interest. The question the Court has at this time however is how to calculate these damages, specifically the interest. The parties disagree on how to calculate both the annuities and the interest and each party presents an expert in support of their preferred approach. Preston offers the opinion of Mickey Davis while Dr. Cook offers the opinion of Holly Sharp. The Court does not doubt that some amount of damages is owed to TMHF and MLF but given the dueling calculations and the applicability of interest, which continues to accrue, the Court finds the question of the amount of damages too uncertain at this time to warrant summary judgment.

Accordingly, for the foregoing reasons, the Court GRANTS Dr. Cook's Motion for Partial Summary Judgment Seeking Removal of Preston L. Marshall as Co-Trustee of the Peroxisome Trust, R. Doc. 240, and DENIES Dr. Cook's Motion for Partial Summary Judgment on Damages, R. Doc. 239.

New Orleans, Louisiana, this 29th day of November, 2023.

_____
United States District Judge