UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DR. STEPHEN D. COOK, IN HIS CAPACITY AS CO-TRUSTEE OF THE MARSHALL HERITAGE FOUNDATION AND DR. STEPHEN D. COOK, IN HIS CAPACITY AS CO-TRUSTEE OF THE MARSHALL LEGACY FOUNDATION** **VERSUS** **PRESTON L. MARSHALL, BOTH IN HIS CAPACITY AS CO-TRUSTEE OF THE PEROXISOME TRUST AND IN HIS PERSONAL CAPACITY** | **CIVIL ACTION NO. 17-5368 C/W 21-2139** **SECTION: L** **HONORABLE ELDON E. FALLON** **MAGISTRATE 1** **HONORABLE JANIS VAN MEERVELD** |

## ORDER & REASONS

Before the Court is Plaintiff Dr. Cook's motion to strike Defendant Preston Marshall's demand for a jury trial. After reviewing the parties briefing and applicable law, and following oral argument on the motion, the Court now rules as follows.

I.   BACKGROUND:

The Court is familiar with the history of this case and will not reproduce the entire procedural history here. For a more complete background, see R. Doc. 346. By way of brief background, that this suit arises out of misconduct by Preston L. Marshall ("Preston") in his capacity as a co-trustee of the Peroxisome Trust. In 2017, Dr. Stephen Cook ("Dr. Cook" or "Plaintiff"), in his capacity as trustee of The Marshall Heritage Foundation ("TMHF"), brought suit against Preston in his capacity as a co-trustee of the Peroxisome Trust ("the Trust" or "Peroxisome"). The misconduct underlying that case involved Preston's refusal to authorize

1

disbursements from Peroxisome to its beneficiary trusts, TMHF and the Marshall Legacy Foundation ("MLF"), as required by the Trust instrument. This Court granted Dr. Cook summary judgment, finding that Preston breached his fiduciary duties, and the United States Court of Appeals for the Fifth Circuit affirmed this Court's judgment on December 31, 2020. R. Doc. 161.

On November 18, 2021, Dr. Cook filed a new lawsuit against Preston. In this new suit, Dr. Cook appears not only in his capacity the co-trustee of TMHF but also in his capacity as co-trustee of the MLF. Additionally, Preston is named Defendant in his individual capacity, as well as in his capacity as co-trustee of the Trust. *See* R. Doc. 206, Consolidation Order.

Dr. Cook alleges that Preston's previous breaches of fiduciary duty caused the Trust to incur substantial tax debt. Moreover, Dr. Cook alleges that Preston's post-judgment failures to authorize the filing of tax returns and to file for tax extensions caused the Trust to incur additional losses in the form of tax penalties. Dr. Cook alleges that these penalties have been deducted from the money TMHF and MLF were due to receive as beneficiaries. Thus, Dr. Cook seeks compensation for these damages and seeks removal of Preston as co-trustee based on these alleged breaches of fiduciary duty.

Dr. Cook additionally seeks compensation for the amount of interest which would have accrued to TMHF and MLF had Preston timely authorized all payments to TMHF and MLF. Because Preston failed to authorize these payments, the money owed to TMHF and MLF remained in the Trust. Thus, Dr. Cook alleges that the interest on this money wrongfully accrued to the Trust rather than to TMHF and MLF. Accordingly, Dr. Cook seeks monetary damages from Preston in the amount of this interest, calculated as of November 2021.

Dr. Cook filed this case in federal court under basis of enforcing provisions of a charitable trust under 28 U.S.C. §1391. R. Doc. 1 at 2. Preston filed an answer largely denying the allegations and demanding a jury trial. R. Doc. 234.

Dr. Cook filed two motions for partial summary judgment, one seeking Preston's removal as a trustee and the other on damages, including interest. *See* R. Docs. 239 and 240. Dr. Cook also filed a motion to strike Preston's jury demand, which Preston included with his Answer to this suit. *See* R. Docs. 234 and 241. On November 1, 2023, the Court heard oral argument on Dr. Cook's motions and on November 29, 2023, the Court issued an order granting Dr. Cook summary judgment on Preston's removal but denying summary judgment on damages as the calculations are in dispute. As this Court has removed Preston as a co-trustee of the Trust, this litigation's sole issue is now damages.

## II. PRESENT MOTIONS

Before the Court is Dr. Cook's motion to strike Preston Marshall's jury demand within his answer, R. Doc. 241. Dr. Cook argues that the Louisiana Trust Code "provides that the claims of the beneficiaries of a trust as asserted in this litigation are to be tried in a summary proceeding." R. Doc. 241-1 at 1. He argues that under Fifth Circuit precedent in *Weems v. McCloud*, if a suit in state court would entitle one to a summary proceeding, the same is true in federal court to reduce forum shopping. *Id.* at 6-7 (citing *Weems v. McCloud*, 619 F.2d 1081 (5th Cir. 1980)). Dr. Cook relies on § 9:2231 of the Louisiana Trust Code, which states that "[i]f a cause or right of action accrues to a beneficiary against a trustee or a settlor or both, to a trustee against a beneficiary or a settlor or both, or to a settlor against a beneficiary or a trustee or both, the action may be by summary proceeding." *Id.* at 8 (quoting La. R.S. § 9:2231). He asserts that in Louisiana, "a civil litigant's right to trial by jury is statutory rather than constitution and is dependent on the nature of the proceeding." *Id.* at 8

3

n.36 (quoting *Olson v. Olson*, 139 So. 3d 539, 543 (La. App. 2 Cir. 2014)). Because this is a civil matter, and the state law framework sets forth that in state court it would be handled in a summary proceeding, Dr. Cook avers, Preston is therefore not entitled to a jury trial in this litigation. *Id.* at 6-9.

Preston refutes this characterization and argues that the U.S. Supreme Court has held that any suit involving the enforcement of legal rights warrants trial by jury, and, further, "statutory actions creating a right to recover damages have been held to be actions enforcing legal rights." R. Doc. 319 at 1 (quoting *FDIC v. New London Ent. Ltd.*, 619 F.2d 1099, 1102 (5th Cir. 1980)). Preston claims that Dr. Cook is selectively choosing which Louisiana Trust Code provisions to apply to this matter and that no exception applies here to the general rule that federal courts apply Federal Rules of Civil Procedure. *Id.* at 2. Preston maintains that this suit involves tort damages and liability and therefore the right to a jury is fundamental. *Id.* at 3 n.2. Preston additionally emphasizes the permissive language in La. R.S. § 9:2231 which provides that such an action "may" occur through a summary proceeding. *Id.* at 6. He also refutes the case law that Dr. Cook cites in support of his position that this proceeding would be summary in state court.

Dr. Cook relies in part on *Richards Clearview LLC v. Bed Bath & Beyond, Inc.,* a case involving a landlord pursuing an eviction remedy and which was removed to federal court. *See* R. Doc. 241-1 at 6. In *Richards*, this Court analyzed *Weems v. McCloud*, finding that a court may deviate from the Federal Rules of Civil Procedure when the state law framework would be frustrated by their application. 2020 WL 3960372, at *4 (E.D. La. July 13, 2020) (Fallon, J.). Preston distinguishes *Richards* from the instant matter because *Richards* involved "the single issue" of entitlement to the summary eviction proceeding, whereas he claims this litigation involves claims of "damages, indemnity, and tort liability." R. Doc. 319 at 8-9. Preston lastly

argues in opposition that Dr. Cook waived his right to contest a jury demand by acting inconsistently with any intent to proceed summarily. *Id.* at 11.

Dr. Cook filed a reply brief refuting any fundamental right to a jury trial, noting that actions by beneficiaries for breaches of trust were addressed in courts of equity. R. Doc. 342 at 2-3. He argues that Preston is incorrect in claiming this is a tort claim, noting that the damages he seeks resulted from a breach of fiduciary duty and not a tort. *Id.* at 4-5. He further objects to any allegations of waiver, noting that he filed these motions eight months ahead of the deadline and that it has been Preston who has sought delays. *Id.* at 6-7.

### III. APPLICABLE LAW

#### A. The Seventh Amendment

The Seventh Amendment of the U.S. Constitution provides that "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved." Legislatively created actions "unheard of at common law" still "require[] a trial by jury if that action involves rights and remedies of the sort traditionally enforced in an action at law." *FDIC v. New London Enterprises, Ltd.,* 619 F.2d 1099, 1102 (5th Cir. 1980). "Statutory actions creating a right to recover damages have been held to be actions enforcing legal rights" and therefore are entitled to a trial by jury. *FDIC*, 619 F.2d at 1102; *see also Wooddell v. International Brotherhood of Elec. Workers, Local 71*, 502 U.S. 93, 97 (1991) ("Generally, an award of money damages was the traditional form of relief offered in the courts of law."). Courts apply the closest or nearest historical analogue test when determining if a proceeding or action would have been entitled to a jury trial versus if the action would have been heard in a court of equity. *See Pernell v. Southall Realty*, 416 U.S. 363, 376 (1974). This test has two prongs: first, a court compares the statutory action to actions brought in England before courts of law and equity

5

merged; then the court examines the remedy sought. *Wooddell*, 502 U.S. at 97. "The second inquiry is the more important in our analysis." *Id.* For example, in *FDIC*, the Fifth Circuit held that New London was not entitled to a jury trial because the action was most similar to a foreclosure proceeding which is equitable in nature, and actions in equity were not historically afforded a trial by jury. *Id.* at 1103. The Fifth Circuit noted that the proceeding at issue "provides no remedies of a legal nature." *Id.*

Historically, "at common law, the courts of equity had exclusive jurisdiction over virtually all actions by beneficiaries for breach of trust." *Mertens v. Hewitt Associates*, 508 U.S. 248, 256 (1993); *see also Chauffeurs, Teamsters, and Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 567 (1990) (explaining that an "action by a trust beneficiary against a trustee for a breach of fiduciary duty . . . were within the exclusive jurisdiction of courts of equity"). Additionally, "money damages were available in those courts against the trustee." *Mertens*, 508 U.S. at 256.

However, courts will look to the *character* of the damages sought and may find they are either equitable or legal. For example, the Supreme Court has "characterized damages as equitable where they are restitutionary, such as in 'action[s] for disgorgement of improper profits.'" *Teamsters*, 494 U.S. at 570-71 (quoting *Tull v. United States*, 481 U.S. 412, 424 (1987)). Similarly, if the monetary damages sought are "incidental to or intertwined with injunctive relief" a court may characterize them as equitable. *Id.* However, some types of damages may be considered equitable or legal depending on the circumstances, such as backpay relief. *Id.* at 571-73 (distinguishing between the purposes of backpay for unfair labor practices and for failures to provide fair representation under the NLRA, noting that "their purposes are not identical" and finding that fair representation claims are entitled to a jury trial).

### B. State Law & Summary Proceedings

A court sitting in diversity applies the substantive law of the state and federal procedural law. *Rosenberg v. Celotex Corp.*, 767 F.2d 197, 199 (5th Cir. 1985). However, this Court has previously held that certain situations permit a federal court to favor "state procedures governing special statutory proceedings." *Richards Clearview*, 2020 WL 3960372, at *3. In so holding, this Court relied on *Weems v. McCloud*, which dealt with statutory foreclosure proceedings. *Id.* at *4; *Weems v. McCloud*, 619 F.2d 1081, 1085-86 (5th Cir. 1980). In *Weems*, the Fifth Circuit analyzed whether the confirmation proceeding at issue was a "suit of a civil nature at common law or in equity" for the purposes of determining its jurisdiction. *Weems*, 619 F.2d at 1089-90. The court ultimately struck counterclaims in that suit, noting that the "Federal Rules of Civil Procedure are frequently applied less strictly in special statutory proceedings, where strict application of the rules would frustrate the statutory purpose." *Id.* at 1094. Because the court considered the confirmation proceeding as "summary and limited in nature," one "designed to provide an immediate judicial evaluation of the fairness of nonjudicial sales," the court struck the counterclaims because to permit them "would convert the proceeding into a plenary trial between the parties [and] eliminate its summary nature." *Id.* at 1096.

Applying this understanding in *Richards Clearview*, a case involving an eviction proceeding, this Court noted that in state court, the landlord "would have been entitled to certain statutory proceedings" and "requiring the Court to consider counterclaims and requiring the parties to conduct discovery and motion practice before trying the case many months from now" would frustrate the statutory scheme's purpose of granting the landlord "expeditious resolution of the matter." *Richards Clearview*, 2020 WL 3960372, at *4. This Court further disagreed with the defendant's argument that summary judgment under the Federal Rules could accomplish the same

purpose, noting that the state's summary proceeding "would entitle Landlord to a hearing as soon as three days after service of a rule to show cause." *Id.*

La. R.S. § 9:2231 provides: "If a cause or right of action accrues to a beneficiary against a trustee or a settlor or both, to a trustee against a beneficiary or a settlor or both, or to a settlor against a beneficiary or a trustee or both, the action may be by summary proceeding." It is helpful to read this provision alongside the Louisiana Trust Code section that explains which causes of action beneficiaries may pursue against a trustee, outlined in La. R.S. § 9:2221. These four actions are to compel a trustee to perform their duties, enjoin a trustee from breaching trust, compel a trustee to remedy a breach of trust, and remove a trustee. La. R.S. § 9:2221. As a result, § 9:2231 is sometimes considered inapplicable when a suit involves non-§ 9:2221 actions. *See* Elizabeth R. Carter, *Fiduciary Litigation in Louisiana: Mandatories, Succession Representatives, and Trustees*, 80 La. L. Rev. 661, 721 (2020) ("There are a handful of exceptions to the default rule allowing summary proceedings. The nature of the relief sought might require a different type of proceeding.") (providing examples such as injunctive relief and seeking judicial instruction).

A party may waive their right to summary proceedings. In *Normand v. Wal-Mart.com USA, LLC*, the Louisiana Supreme Court held that the tax collector waived its right "to demand strict compliance with La. R.S. 47:337.61, implicitly converting its summary proceeding to an ordinary proceeding." 340 So. 3d 615, 623-24 (La. 2020). The court noted that the tax collector acted inconsistently with the goal of a speedy and summary resolution, noting that it "did very little, if anything, to hasten the collection of unpaid taxes or ensure that this matter received preferential treatment by the courts." *Id.* While the court did not ascribe blame for the delays to the tax collector, it observed that "Tax Collector never objected to the manner in which this matter proceeded in the trial and appellate courts and many times consented to Wal-Mart.com's requests

… to proceed in a manner inconsistent with the provisions of La. R.S. 47:337.61, without reserving its right to proceed summarily." *Id.* However, the court stated that "whether conversion-by-waiver occurred depends on the facts of the case and must, therefore, be resolved on a case-by-case basis." *Id.* at 624 n.24.

Louisiana state courts have not always required a summary proceeding for trust suits and have sometimes tried such litigation with a jury. In *Succession of Houston*, the First Judicial District Court, Caddo Parish conducted a jury trial in a suit against a trustee of an inter vivos trust. *See* 253 So. 3d 836, 841 (La. App. 2 Cir. 2018). A jury found the trustee breached her fiduciary duty and awarded damages for that breach in excess of one million dollars. *Id.* The trustee appealed the jury finding, asserting several arguments against the verdict but ultimately the appellate court affirmed. *Id.* at 856. The court does not discuss the entitlement to a jury trial and addresses only the arguments on appeal relating to the sufficiency of the evidence and reasonableness of the verdict. *See id.*

Similarly, in *Ruel v. Dalesandro*, another matter involving an inter vivos trust, the Twenty-Fourth Judicial District Court, Parish of Jefferson conducted a jury trial on the issue of whether an Act of Correction addressed a clerical error in the trust. *See* 276 So. 3d 1075, 1081-82 (La. App. 5 Cir. 2019). The jury found for the plaintiffs but the trial judge entered a judgment notwithstanding the verdict ("JNOV") in favor of the defendant. *Id.* at 1078. On appeal, the court addressed whether that JNOV was proper. *Id.* That court also did not discuss the parties' entitlement to a jury trial and only discussed the legal question presented by the appeal.

It would thus appear that Louisiana courts do not exclusively try matters arising under the Trust Code in summary proceedings. This is not inconsistent with the statutory language that provides "[i]f a cause or right of action accrues to a beneficiary against a trustee or a settlor or

9

both, to a trustee against a beneficiary or a settlor or both, or to a settlor against a beneficiary or a trustee or both, the action *may* be by summary proceeding." La. R.S. § 9:2231 (emphasis added). Further, as explained above, if an action is not one enumerated by La. R.S. § 9:2221, courts may find summary proceedings inapplicable. *See* Carter, *supra*, at 721. In *Succession of Houston*, the underlying cause of action was one alleging breach of fiduciary duty. 253 So. 3d at 843. In *Ruel*, the plaintiffs sued "seeking a declaration that the Trust terminated on October 10, 2011, upon the death of their father" and seeking "to set aside the authentic acts that revoked the Trust and transferred the property held by the trust to [defendant]," including recovering the money the defendant received from selling assets. 276 So. 3d at 1080.

## IV. DISCUSSION

While Dr. Cook urges in his motion that this matter "must" be adjudicated in a summary proceeding, the permissive language of § 9:2231 along with the jurisprudence on monetary damage remedies cautions against a mandatory finding. This litigation now concerns only monetary damages. The Supreme Court instructs trial courts to examine the nature of the monetary damages sought to determine whether they are equitable or legal remedies. In this case, the damages Dr. Cook seeks are not akin to disgorgement, nor are they intertwined with other equitable relief. Rather, he seeks monetary damages for funds to which the beneficiary trusts are entitled. The Court finds this is a legal remedy and therefore that Preston is entitled to try this matter by jury. Accordingly, for the foregoing reasons, the Court DENIES Dr. Cook's Motion to Strike Jury Demand, R. Doc. 241. This litigation will proceed as a trial by jury.

New Orleans, Louisiana, this 30th day of November, 2023.

_____
United States District Judge