UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DR. STEPHEN D. COOK, IN HIS CAPACITY AS CO-TRUSTEE OF THE MARSHALL HERITAGE FOUNDATION AND DR. STEPHEN D. COOK, IN HIS CAPACITY AS CO-TRUSTEE OF THE MARSHALL LEGACY FOUNDATION<br><br>VERSUS<br><br>PRESTON L. MARSHALL, BOTH IN HIS CAPACITY AS CO-TRUSTEE OF THE PEROXISOME TRUST AND IN HIS PERSONAL CAPACITY | CIVIL ACTION NO. 17-5368 C/W 21-2139<br><br>SECTION: L<br>HONORABLE ELDON E. FALLON<br><br><br><br>MAGISTRATE 1<br>HONORABLE JANIS VAN MEERVELD |

## ORDER & REASONS

Before the Court is Dr. Stephen Cook's ("Dr. Cook") Amended Motion for Partial Summary Judgment on Damages. R. Doc. 354. Preston Marshall ("Preston") opposes the motion. R. Doc. 359. After reviewing the parties briefing and applicable law, the Court rules as follows.

I.  **BACKGROUND:**

The Court is well aware of the factual and procedural history of this case and finds no need to reproduce it in full. See R. Doc. 346 for a more complete history of this case. On November 29, 2023, this Court granted Dr. Cook's Motion for Partial Summary Judgment on Removal, ordering Preston's removal as a co-trustee of the Peroxisome Trust, and this Court denied Dr. Cook's Motion for Partial Summary Judgment on Damages because the parties specifically disagreed on the calculation of interest owed to the beneficiary trusts. *See id.* (ordering Preston's removal but finding damages inappropriate for summary judgment at that time). The next day, the Court issued

1

an order denying Dr. Cook's Motion to Strike Jury Demand, finding that the damages question warranted a jury trial rather than the summary proceeding urged by Dr. Cook. *See* R. Doc. 347. In that Order, the Court addressed the parties' arguments about whether this trust litigation sounds more in equity or law. The Court acknowledged that with the removal question answered, the only remaining issue to be tried is the question of monetary damages and monetary damages were historically the province of courts of law. *Id.*

## II. PRESENT MOTION

Before the Court is Dr. Cook's Amended Motion for Partial Summary Judgment on Damages. R. Doc. 354. The Court previously denied Dr. Cook summary judgment on the question of damages because of the parties' differing calculations as to interest. *See* R. Doc. 346. In the instant motion, Dr. Cook addresses this question and argues that the only difference in interest calculations between his and Preston's experts amounts in whole to $42,033.66 for each of the two beneficiary trusts, the Marshall Legacy Foundation ("MLF") and The Marshall Heritage Foundation ("TMHF"). R. Doc. 354-1 at 4-6. Dr. Cook maintains that there is no dispute as to the calculations of annuities owed each foundation, nor that the legal rate of interest applies to calculate the interest accruing following April 1, 2023. *Id.* at 3-6. Because the only dispute was to interest owed *through* April 1, 2023, and Dr. Cook in this motion waives his claim for the disputed amount and accepts Preston's expert's calculation, Dr. Cook argues that there no longer remains a genuine issue of material fact and that summary judgment is now appropriate and a trial on this singular issue is unnecessary. *Id.*

Preston opposes the instant motion arguing that (1) this Court has not ruled on whether mitigation of damages as an affirmative defense applies in the damages context and therefore mitigation is still a live issue that may operate to reduce damages, and (2) the tax issue for the year

2018 is still unresolved and this means damages may be reduced if the IRS chooses to refund penalties paid along with interest on those penalties. R. Doc. 359. Preston does not refute the calculations of annuities or interest. Preston acknowledges that the Court rejected his mitigation argument on the trustee removal question but argues that this Court did not specifically reject mitigation as to damages, and because a jury may find that Dr. Cook and/or Pierce Marshall ("Pierce") did not mitigate their damages, a jury might reduce a damage award accordingly. *Id.* at 4-5. Preston takes the position that Dr. Cook could have avoided the tax penalties for the years 2018 and 2019 if he had sought enforcement of this Court's February 26, 2019 judgment immediately, and a jury could find this constituted failure to mitigate and that Dr. Cook bears some comparative fault. *Id.* at 5-7. In other words, Preston argues that Dr. Cook should have sued him sooner. On the 2018 tax issue, Preston argues that once resolved this could change the amount of damages by approximately $600,000 and further, he argues that any failure to provide the IRS with the necessary information was not his responsibility and therefore not his fault. *Id.* at 7.

     Dr. Cook filed a reply brief arguing that the mitigation and comparative fault arguments fail because the Court has consistently rejected Preston's arguments on these issues, and that the 2018 tax question is not a genuine dispute that defeats summary judgment because should the IRS refund any portion of that penalty, such refund will operate to reduce Preston's liability accordingly. R. Doc. 366 at 2-6. Refuting Preston's distinction between removal-mitigation and damages-mitigation, Dr. Cook argues that this Court dispensed with the mitigation argument several times and that any attempt by Preston to reference comparative fault is inapposite to this suit because Preston's liability is based on a breach of fiduciary duty and not a tort. *Id.* at 3-4. On taxes, Dr. Cook maintains that should the IRS refund any portion of the penalties for 2018, that refund would

be distributed to the foundations and reduce Preston's liability. *Id.* at 4-6 (citing Preston's expert who testified the same in his deposition).

## III. APPLICABLE LAW

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The court must view the evidence in the light most favorable to the nonmovant. *Coleman v. Hous. Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997). Initially, the movant bears the burden of presenting the basis for the motion; that is, the absence of a genuine issue as to any material fact or facts. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmovant to come forward with specific facts showing there is a genuine dispute for trial. *See* Fed. R. Civ. P. 56(c*); Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). "A dispute about a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 956 (5th Cir. 1993) (citation omitted).

## IV. DISCUSSION

In its November 29, 2023 Order denying summary judgment on damages, this Court stated the following: "There is no question that the beneficiary trusts are owed annuities and accompanying interest. The question the Court has at this time however is how to calculate these damages, specifically the interest." R. Doc. 346 at 12. Dr. Cook now accepts Preston's expert's interest calculation of $2,257,465.91 per foundation, withdrawing any claim to the $42,033.66 difference between each expert's calculations. With the Court's primary factual question resolved by Dr. Cook's acceptance of this calculation, the Court is satisfied that summary judgment is now

appropriate on the question of damages and that a trial on this discrete factual question is unnecessary.

Importantly, Preston did not show a genuine dispute of material fact as to the calculations of the annuities or interest in his opposition to the instant motion and instead reiterated defenses and arguments this Court has already rejected. For example, when pressed by the Court in the pretrial conference as to which specific mitigation arguments Preston is still asserting, he responded by arguing (1) that Dr. Cook (or others) could have sued him sooner, an argument this Court has already rejected; (2) that Pierce could have authorized a split of the Peroxisome Trust in 2013, an argument raised in Preston's opposition to Dr. Cook's first motion for partial summary judgment on damages, see Opposition, R. Doc. 321 at 1-2; and (3) that Dr. Cook could have sought to enforce this Court's February 26, 2019 Judgment but that he took no action until the filing of this suit in early 2021.

This Court has already explicitly rejected the first argument as unconvincing. *See* R. Doc. 346 at 11. That Order & Reasons addressed both removal and damages and the Court rejected this argument as unconvincing in one of the paragraphs discussing the removal motion, see id. however, Preston made the same argument in his opposition to damages and the Court therefore considers this argument rejected as to both issues. Even if that Order & Reasons is construed as only rejecting the argument as to removal, the Court clarifies explicitly here that it is meritless in the context of damages as well. The second argument above is also rejected and not a genuine dispute of material fact to destroy summary judgment. That Pierce, not a party to this suit, refused to agree with Preston's proposed course of action for the Peroxisome Trust more than ten years ago is not a basis for mitigation of damages by Dr. Cook following Preston's established breaches of fiduciary duty. The Court similarly finds no merit to the third argument, that Dr. Cook could

5

have sought to enforce the judgment sooner. Preston was ordered to authorize the distributions. While Dr. Cook could have sought enforcement sooner, so too could Preston have complied sooner.[1] This is not a fact issue that defeats summary judgment.

Preston breached his fiduciary duty to the trust and as a result he is liable for damages. This Amended Motion addresses only the quantity of damages owed, and on this point, Preston identified no facts or evidence that refute the calculations Dr. Cook offers. To the contrary, they were agreed upon in the uncontested facts in the pretrial order. *See* R. Doc. 369 at 24, ¶¶ 56-57. This Court has already rejected the argument that Dr. Cook, or others, could have mitigated damages and Preston's comparative fault arguments are similarly unavailing since this Court has already found that he breached his fiduciary duty and that these damages were the direct result of said breach.

Accordingly, for the foregoing reasons, the Court **GRANTS** Dr. Cook's Amended Motion for Partial Summary Judgment on Damages, R. Doc. 354. The Court finds that The Marshall Heritage Foundation and the Marshall Legacy Foundation are *each* entitled to (1) judgment in the principal amount of $3,058,472.25, (2) accrued interest of $2,257,455.91 through April 1, 2023, and (3) from April 1, 2023 until the date of judgment, accrued interest at the Louisiana judicial rate. Thereafter, 28 U.S.C. § 1961 governs the accrual of interest.

New Orleans, Louisiana, this 11th day of January, 2024.

_____
United States District Judge

---

[1] It bears repeating that at every stage of this litigation, Preston has fought this Court's orders such that this Court even held him in contempt. *See* R. Doc. 178.