UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DR. STEPHEN D. COOK, IN HIS CAPACITY AS CO-TRUSTEE OF THE MARSHALL HERITAGE FOUNDATION AND DR. STEPHEN D. COOK, IN HIS CAPACITY AS CO-TRUSTEE OF THE MARSHALL LEGACY FOUNDATION<br><br>VERSUS<br><br>PRESTON L. MARSHALL, BOTH IN HIS CAPACITY AS CO-TRUSTEE OF THE PEROXISOME TRUST AND IN HIS PERSONAL CAPACITY | CIVIL ACTION NO. 17-5368 C/W 21-2139<br><br>SECTION: L<br>HONORABLE ELDON E. FALLON<br><br><br><br><br><br>MAGISTRATE 1<br>HONORABLE JANIS VAN MEERVELD |

## ORDER & REASONS

Before the Court is Preston Marshall's ("Preston") Motion for Reconsideration. R. Doc. 377. Dr. Stephen Cook ("Dr. Cook") opposes the motion. R. Doc. 379. After reviewing the record, parties' briefing, and applicable law, the Court rules as follows.

### I.   BACKGROUND:

The Court is well aware of the factual and procedural history of this case and finds no need to reproduce it in full. See R. Doc. 346 for a more complete history of this case. On November 29, 2023, this Court granted Dr. Cook's Motion for Partial Summary Judgment on Removal, ordering Preston's removal as a co-trustee of the Peroxisome Trust, and this Court denied Dr. Cook's Motion for Partial Summary Judgment on Damages because the parties specifically disagreed on the calculation of interest owed to the beneficiary trusts. *See id.* (ordering Preston's removal but finding damages inappropriate for summary judgment at that time). Shortly after, Dr. Cook filed

1

an amended motion for summary judgment on damages, agreeing to accept Preston's calculations and thereby asserting no genuine dispute of material fact remained for trial. R. Doc. 354. The Court granted the amended motion for summary judgment and issued a judgment against Preston and in favor of Dr. Cook. R. Docs. 374, 375.

## II.     PRESENT MOTION

Before the Court is Preston's Motion for Reconsideration of the Court's Order & Reasons granting partial summary judgment as to damages and the ensuing judgment. R. Doc. 377. Preston argues first that the judgment omits any mention of the fact that the 2018 tax abatement issue is still pending and that the judgment should be amended to reflect that should those penalties be waived and refunded, as in other years, Preston should have his liability reduced accordingly. *Id.* at 5-6. Preston seeks an amended judgment which offsets this amount and reduces his liability by the approximately $600,000 in expected abated penalties. *Id.* at 7. Preston next argues that his mitigation of damages argument was improperly rejected by the Court. He characterizes the Court's rejection as relying on the mitigation defense's inapplicability in breaches of fiduciary duty, arguing that this is a manifest error of law because Louisiana law permits the affirmative defense in these circumstances. *Id.* at 7-8.

Lastly, Preston asserts that the Court failed to consider that Preston "could not act without waiving his appeal." *Id.* at 8. He identifies a sentence in this Court's Order & Reasons granting summary judgment on damages, alleging that it is factually erroneous and that Preston has sufficiently shown genuine disputes of material fact on damages to warrant a trial on the matter. *Id.* at 9-10 (pointing to the following language: "While Dr. Cook could have sought enforcement sooner, so too could Preston have complied sooner.") (quoting R. Doc. 374 at 6).

2

Dr. Cook opposes the motion, flagging at the outset that just recently, the IRS approved Pierces efforts to have the 2018 tax penalties abated, though they have not yet been refunded and that date is pending with the IRS. R. Doc. 379 at 2-3. Dr. Cook argues that Preston is not entitled to the "extraordinary remedy" of reconsideration and Preston's arguments amount only to "mere disagreement" with this Court's earlier orders and judgment. *Id.* at 3-4 (first quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); then quoting *Ferraro v. Liberty Mutual Ins. Co.*, No. 13-4992, 2014 WL 5324987, at *1 (E.D. La. Oct. 17, 2014)). Dr. Cook argues on the 2018 tax issue that even Preston's expert agreed that should the IRS refund the penalties, as it has now agreed to do, that amount would reduce Preston's liability. *Id.* at 5-6. Dr. Cook therefore argues no reconsideration is necessary and that all parties agreed earlier in this suit that this would be the result. *Id.*

On mitigation, Dr. Cook quotes earlier orders from this Court finding Preston's frequent deployment of the various mitigation arguments "meritless" and "unconvincing." *Id.* at 8 (quoting R. Doc. 374). Dr. Cook asserts that contrary to Preston's characterization of his arguments and this Court's prior rulings, Dr. Cook did indeed have a duty to mitigate and he more than satisfied that duty in his various enforcement attempts throughout this litigation. *Id.* at 6-7. He also argues that Preston's references to comparative fault are inapplicable in a non-tort context. Id. at 7-8.

Additionally, Dr. Cook refutes that Preston would have waived his right to appeal had he complied, noting that Dr. Cook filed a motion to authorize the Clerk of Court to effect distributions on March 11, 2019, and then the next day, on March 12, 2019, Preston filed his notice of appeal and a motion to stay pending that appeal. *Id.* at 8-9. Therefore, Preston's assertion that "nothing precluded Dr. Cook from simply asking the Clerk to execute the transfers as he says he has sought to do multiple times in this litigation" is factually incorrect. *Id.* at 9. Dr. Cook then points to Wright

3

& Miller to show that once a notice of appeal is filed, compliance with a judgment does not vitiate that appeal. *Id.* at 9-10 (citing 13B Federal Practice and Procedure § 3533.2.2 (3d ed. 2023)). Dr. Cook also cites *Gloria v. Valley Grain Products, Inc.*, a case in which the Fifth Circuit recognized this principle. 72 F.3d 497, 498-99 (5th Cir. 1996) ("[F]or an appeal to be foreclosed, there must be a 'mutual manifestation of an intention to bring the litigation to a definite conclusion upon a basis acceptable to all parties … not the bare fact of payment of the judgment.'") (quoting *Gadsden v. Fripp*, 330 F.2d 545, 548 (4th Cir. 1964)).

### III. APPLICABLE LAW

Since the Federal Rules of Civil Procedure do not specifically recognize a motion for reconsideration, such motions are treated as either a motion to challenge a judgment or order under Rule 54(b), 59(e), or 60(b). *Holmes v. Reddoch*, 19-12749, 2022 WL 16712872 at *2 (E.D.La. Nov. 4, 2022). While Rules 59 and 60 apply to final judgments only, "if a party seeks reconsideration of an order that adjudicates fewer than all the claims among all the parties prior to entry of final judgment, then Rule 54(b) controls." *Id.*

Rule 54 provides that district courts "possess[] the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *Melancon v. Texaco*, 659 F.2d 551, 552 (5th Cir. 1981). Under such a standard, district courts can be "more flexible, reflecting the inherent power of the rendering district court to afford such relief from interlocutory judgments as justice requires." *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336-37 (5th Cir. 2017). Though this standard is lower than the threshold used for reconsideration of judgments under Rule 59, courts still "look to similar considerations as those it considers when evaluating Rule 59(e) motions." *Edwards v. Take Fo' Records, Inc.*, 19-12130, 2020 WL 3832606 at *11 & n.2 (E.D. La. July 8, 2020). These considerations include "(1) an intervening change in the controlling law,

4

(2) the availability of new evidence not previously available, or (3) a manifest error in law or fact." *Henry v. New Orleans La. Saints, L.L.C.*, No. 15-5971, 2016 WL3524107, at *2 (E.D. La. June 28, 2016). Courts may also grant reconsideration when "necessary to prevent manifest injustice." *Fields v. Pool Offshore, Inc.*, No. 97-3170, 1998 WL 43217, at *2 (E.D. La. Feb. 3, 1998).

### IV. DISCUSSION

The Court begins by grounding its discussion in the standard for reconsideration above. Preston argues that it would be a manifest injustice to assess Preston the approximately $600,000 in expected tax abatement and that a correction of the judgment is thus in order, and that it represents a manifest error of law and fact alike to reject the mitigation argument that Preston has put forth. Finding the grounds for reconsideration not satisfied in this instance, the Court denies Preston's motion for the following reasons.

As to the tax assessment matter, the Court acknowledged in its order granting partial summary judgment on damages that, should these taxes be abated and the penalties waived, those funds would be refunded to the beneficiary trusts and operate to reduce Preston's liability, noting that Dr. Cook argued as much and that Preston's own expert testified to this in his deposition. *See* R. Doc. 374 at 3-4. The Court understood therefore that both parties believed this reduction in liability would happen automatically, as neither party sought this offset be stated expressly in this Court's orders. Importantly, when granting summary judgment on damages, the Court noted that the parties agreed on the amount of annuities owed and interest alike, and even stipulated to these numbers in their uncontested facts in their pretrial order. R. Doc. 374 at 6 (citing Pretrial Order, R. Doc. 369 at 24, ¶¶ 56-57). At that time considering the matter under the summary judgment standard, the Court accordingly found no genuine dispute as to the dollar amounts of damages.

Understanding Preston's concern, and noting that Dr. Cook and this Court have both explicitly and implicitly agreed to the principle, the Court grants reconsideration only to the extent that the judgment is amended to reflect that, when the 2018 tax penalties are refunded and disbursed to the trusts, then Preston's liability as to the 2018 tax issue ought to be reduced accordingly.

The Court now turns to the mitigation issue. To be clear, the Court rejected Preston's arguments about mitigation at the summary judgment stage because variations of these arguments have been rejected throughout this litigation, and the Court saw no genuine dispute as to the examples Preston put forward, one of which included that Pierce should have agreed to split the Peroxisome Trust years before this litigation. *See id.* at 5-6. The language Preston points to was not the basis on which the Court decided the mitigation question; the Court has repeatedly been unpersuaded by Preston's various mitigation arguments and granted summary judgment in favor of Dr. Cook because it found that Preston's allegations in support of mitigation did not rise to the level of a genuine dispute of material fact. Accordingly, the Court finds no manifest error of law or fact in finding mitigation inapplicable in this lawsuit.

Accordingly, for the foregoing reasons, the Court **GRANTS IN PART** Preston's motion for reconsideration to the sole extent that the judgment shall be amended to reflect that when the 2018 tax penalties are disbursed to the trusts, then Preston's liability in relation to said issue is reduced accordingly, and **DENIES IN PART** the rest of the reconsideration motion.

New Orleans, Louisiana, this 7th day of March, 2024.

_____
United States District Judge

6