UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DR. STEPHEN D. COOK, IN HIS CAPACITY AS CO-TRUSTEE OF THE MARSHALL HERITAGE FOUNDATION AND DR. STEPHEN D. COOK, IN HIS CAPACITY AS CO-TRUSTEE OF THE MARSHALL LEGACY FOUNDATION<br><br>VERSUS<br><br>PRESTON L. MARSHALL, BOTH IN HIS CAPACITY AS CO-TRUSTEE OF THE PEROXISOME TRUST AND IN HIS PERSONAL CAPACITY | CIVIL ACTION NO. 17-5368 C/W 21-2139<br><br>SECTION: L<br>HONORABLE ELDON E. FALLON<br><br><br><br><br><br>MAGISTRATE 1<br>HONORABLE JANIS VAN MEERVELD |

## ORDER & REASONS

Before the Court is Preston Marshall's ("Preston") Motion to Stay Execution of Judgment Pending Appeal and Without Bond or, Alternatively, to Set a Reduced Bond. R. Doc. 383. Dr. Stephen Cook ("Dr. Cook") opposes the motion. R. Doc. 395. Preston filed a reply brief. R. Doc. 396. After reviewing the record, parties' briefing, and applicable law, the Court rules as follows.

### I. BACKGROUND & PRESENT MOTION

The parties are well aware of the factual and procedural history of this case and the Court finds no need to reproduce it in full. See R. Doc. 346 for a more complete history of this case. On November 29, 2023, this Court granted Dr. Cook's Motion for Partial Summary Judgment on Removal, ordering Preston's removal as a co-trustee of the Peroxisome Trust, and this Court denied Dr. Cook's Motion for Partial Summary Judgment on Damages because the parties specifically disagreed on the calculation of interest owed to the beneficiary trusts. *See id.* (ordering

1

Preston's removal but finding damages inappropriate for summary judgment at that time). Shortly after, Dr. Cook filed an amended motion for summary judgment on damages, agreeing to accept Preston's calculations and thereby asserting no genuine dispute of material fact remained for trial. R. Doc. 354. The Court granted the amended motion for summary judgment and issued a judgment against Preston and in favor of Dr. Cook. R. Docs. 374, 375. Preston then filed a motion for reconsideration urging the Court to clarify the judgment to reflect that should the 2018 tax issue resolve with no penalties, that Preston's liability be reduced accordingly. R. Doc. 377. The Court granted reconsideration to this sole extent and an amended judgment reflected this change. Preston then filed for appeal with the United States Court of Appeals for the Fifth Circuit.

Preston filed a motion in which he urges this Court to stay execution of the judgment rendered against him on damages while he pursues his appeal to the Fifth Circuit. R. Doc. 383. Further, Preston asks this Court to waive the bond requirement or, alternatively, to set the bond at 50% of the judgment plus interest or, alternatively, should the Court require bond, that it permit the bond be in the form of a cash deposit to the Court's registry rather than a surety bond. *Id.* He alleges that there is no question as to whether he will be able to satisfy the judgment should the appeal require him to do so; he undeniably has the funds and, further, he offers to refrain from certain financial transactions that would risk his ability to satisfy the judgment should the Court so order. *Id.* at 8-12. Alternatively, should the Court require bond, Preston urges the Court to use its discretion and reduce his bond to 50% of the judgment amount for these same, or to require that he post no more than the judgment plus interest as a state court would require in Louisiana. *Id.* at 12-15 (citing Fed. R. Civ. P. 62(f)).

Dr. Cook opposes the motion, arguing that no departure from Federal Rule 62 is warranted in this case and that Preston ought to be required to post bond in the amount of the judgment to

2

obtain a stay pending appeal. R. Doc. 395. He argues that the bond protects him, as the prevailing party, from pursuing an "uncollectible judgment" and that it compensates a prevailing party for the delay of the entry of final judgment. *Id.* at 3. Further, Dr. Cook alleges that Preston has not satisfied the standard for departure from the Rule nor acknowledged his burden to make such an objective showing. *Id.* at 4. Specifically, Dr. Cook points to several outstanding or pending liabilities of Preston's in various other pending lawsuits and argues that Preston's assertions that he will have the funds and/or refrain from certain transactions is not enough to ensure his ability to satisfy this judgment following appeal. *Id.* at 4-7. Further, Dr. Cook asserts that Preston relies on "unliquidated assets such as shares within trusts, which are not capable of being liquidated." *Id.* at 7. Dr. Cook also takes issue with Preston's claim that Peroxisome can step in and satisfy any deficits, arguing that Preston is personally liable and cannot rely on the Trust for this purpose. *Id.* at 9.

## II. LAW & ANALYSIS

Federal Rule of Civil Procedure 62 provides that "any time after judgment is entered, a party may obtain a stay by providing a bond or other security." Fed. R. Civ. P. 62(b). Posting such bond "preserve[s] the status quo while protecting the non-appealing party's rights pending appeal." *Poplar Grove Planting and Refining Co., Inc. v. Bache Halsey Stuart Inc.*, 600 F.2d 1189, 1190-91 (5th Cir. 1979). Rule 62(f) permits a court to stay a judgment if "a judgment is a lien on the judgment debtor's property under the law of the state where the court is located" because "the judgment debtor is entitled to the same stay of execution the state court would give." Fed. R. Civ. P. 62(f). The purpose of the Rule "is to allow appealing judgment debtors to receive in the federal forum what they would otherwise receive in their state forum." *Louisiana Newpack Shrimp, Inc. v. Ocean Feast of China, Ltd.*, No. 19-12498 c/w No. 20-782, 2022 WL 131253, at *2-3 (E.D. La.

Jan. 14, 2022) (quoting *MM Steel, L.P. v. JSW Steel (USA) Inc.*, 771 F.3d 301, 303-04 (5th Cir. 2014)).

Federal courts may not require a bond or other security when certain circumstances are shown. *Poplar Grove*, 600 F.2d at 1191; *Dillon v. City of Chicago*, 866 F.2d 902, 904-05 (7th Cir. 1988); *Dominick v. Barre*, No. 12-497, 2015 WL 7756140, at *3 (M.D. La. Dec. 1, 2015). Courts considering whether to exercise such discretion require a judgment debtor to "objectively demonstrate[] a present financial ability to facilely respond to a money judgment and present[] to the court a financially secure plan for maintaining that same degree of solvency" pending the appeal or demonstrate to the court that their "present financial condition is such that the posting of a full bond would impose an undue financial burden." *Poplar Grove*, 600 F.2d at 1191.

The *Dillon* court provided several criteria for courts to consider when evaluating whether to waive bond:

> (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether 'the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money;' and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position.

*Dillon*, 866 F.2d at 904-05 (internal citations omitted). In that case, the court found it particularly relevant that the defendant had a dedicated fund that would guarantee the payment of the judgment. *Id.* at 905.

In this case, the Court will not waive the bond requirement and hereby orders Preston to post cash in the amount of the judgment plus interest into the Registry of the Court. Preston earns significant income, as explained by his counsel at oral argument and as recounted in his briefs, though some of his income streams are in the form of unliquidated assets. The Court recognizes

that this could pose a potential for delay and/or difficulty in complying with the judgment should the Fifth Circuit affirm it. The Court is also persuaded by Dr. Cook's position, asserted during oral argument and in his briefs, that during the pendency of the appeal, something could happen to Preston's income streams that would jeopardize his ability to satisfy the judgment, for example a pending lawsuit could issue a judgment, or the IRS or another creditor could become entitled to certain recovery. Unknowns such as these are precisely the reason for the bond requirement: to maintain the status quo and to protect the prevailing party from this type of uncertainty. In any event, Preston has demonstrated a reluctance to comply with court orders absent a threat of contempt. For all of these reasons, the Court, in its discretion, finds a deposit of cash into the Court's Registry to be the most appropriate course of action in this case.

Accordingly, for the foregoing reasons, the Court **DENIES** Preston's motion to stay without bond. **IT IS ORDERED** that Preston post a supersedeas bond or post cash in the Registry of the Court in the amount of $12,758,227.56, which consists of the judgment amount of $10,631,856.30 plus 20% pursuant to Local Rule 62.2 in the amount of $2,126,371.26. **IT IS FURTHER ORDERED** that said bond or cash be deposited in the Registry of the Court no later than Friday, May 17, 2024.

The Court acknowledges that this judgment, R. Doc. 375, was amended to reflect the potential reduction in Preston's liability depending on an IRS refund related to the tax penalties for which he has been found liable. *See* R. Docs. 381 (amending the judgment), 387 (correcting a clerical mistake in R. Doc. 381). Should this reduction occur, the Court will entertain a motion to reduce the bond or cash deposit at that time.

New Orleans, Louisiana, this 3rd day of May, 2024.

_____
United States District Judge